# Hill Bros. *et al.* v. Moone.

*Bill in Equity by Creditor to vacate and set aside Fraudulent Conveyance of Debtor's Property.*

104   353
118   552

104   353
123   555
125   580

104   353
132   71

104   353
137   223

1. *Bill to set aside fraudulent conveyances; when not multifarious.*—A bill in equity by a creditor, seeking to vacate and set aside several conveyances of the debtor's property as fraudulent and to subject the property so conveyed to the satisfaction of his demand, is not multifarious because the several grantees, who are joined as parties defendant, acquired different portions of the property under separate and distinct conveyances, executed at different times, and there is no allegation that these several sales and conveyances had any actual connection with each other, in any way, either in fact or intent.

[Hill Bros. *et al.* v. Moone.]

APPEAL from the Chancery Court of Henry.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellants, as creditors of Perry Moone and others, and sought to have set aside as fraudulent certain conveyances, executed by the said Perry Moone. All the facts of the case are sufficiently stated in the opinion. The respondents demurred to the bill, among others, upon the following grounds: "4th. Because the said bill seeks to fasten a liability on this respondent jointly with other respondents named therein, and fails to allege any facts which show that this respondent is jointly liable with the other respondents named therein for any goods which this respondent or any of them received from Perry Moone. 5th. Because there is a misjoinder of parties in this: said bill seeks to hold the different respondents to account for goods received from Perry Moone at different times and by different respondents and in different amounts, and fails to allege any facts showing that they had any connection one with another, or that the various acts complained of are part and parcel of one fraudulent transaction or scheme."

Upon the submission of the cause, upon the demurrers, the chancellor sustained the two grounds of demurrer copied above. The complainants appeal, and assign as error this decree of the chancellor.

A. E. PACE, for appellants.

T. M. ESPY, *contra.*—The allegations of the bill in the present case are almost identical with those in the bill in the case of *McIntosh v. Alexander*, 16 Ala. 87, which case is decisive of the present appeal.

HEAD, J.—This is a creditor's bill to set aside certain conveyances made by Perry Moone as fraudulent. There are a number of such sales attacked by the bill: 1. One to the Bank of Dothan October 3, 1892, conveying a large amount of personal property, and about the same time, by a separate transfer, certain notes or accounts on W. C. O'Neal & Co. 2. Sundry sales of goods during the summer and fall of 1892, to Blount, Nicholson & Co. 3. Sundry sales of goods during the summer and fall of 1892 to W. C. O'Neal & Co. There

is no allegation that these several sales had any actual connection with each other, in any way, either in fact or intent. The respondents each assigned, among others, the following grounds of demurrer to the bill, which the chancellor sustained, and the appeal is from his decretal order in that behalf, viz.: "The bill seeks to hold the different respondents to account for goods received from Perry Moone at different times, and by different respondents, and in different amounts, and fails to allege any facts showing that they had any conversation, one with the other, or that the various acts complained of are part and parcel of one fraudulent transaction or scheme." The other ground sustained is substantially the same. We regard it a settled rule, in this State, that such a bill is not multifarious.—*Halstead v. Shepard*, 23 Ala. 558; *Lehman v. Meyer*, 67 Ala. 396; *Russell v. Garrett*, 75 Ala. 350; *Burford v. Steele*, 80 Ala. 147; *Hinds v. Hinds, Ib.* 225; *Handley v. Heflin*, 84 Ala. 600. These cases explain the reason of the rule, and a careful reading of them will show that it is not essential to the joinder that there should have been participation by all the grantees in the making of all the transfers. See the rule in New York and other States, stated in the note, 15 Am. Dec. at p. 428, cited approvingly by this court, in *Hinds v. Hinds*, 80 Ala. 225, *supra*. The chancellor erred in his conclusion that the bill was multifarious, and his decretal order is reversed and the cause remanded.

Reversed and remanded.

