# Henderson *et al. v.* Farley National Bank.

### *Bill in Equity to set aside Fraudulent Conveyance.*

1. *Fraudulent conveyance; right of judgment creditor to maintain bill to have conveyance set aside.*—A judgment creditor, without the issuance of an execution or the return of an execution "no property found," can maintain a bill to subject to the payment of his debts any property which his debtor has fraudulently transferred or attempted to fraudulently convey.

2. *Same; same.* —A judgment creditor may pursue property fraudulently conveyed by his debtor, although the debtor has other legal assets out of which the creditor might enforce the collection of his debt; and, therefore, as affecting the right to maintain such a bill, the solvency or insolvency of the debtor is of no consequence and immaterial.

3. *Bill to set aside fraudulent conveyances; when not multifarious.*—A bill in equity by a creditor, seeking to vacate and set aside several conveyances of the debtor's property as fraudulent, and to subject the property so conveyed to the satisfaction of his demand, is not multifarious because the several grantees, who are joined as parties defendant, acquired different portions of the property under separate and distinct conveyances, executed at different times, and there is no allegation that these several sales and conveyances had any actual connection with each other in any way, either in fact or intent.

4. *Same; not demurrable for want of verification, although discovery prayed.*—A bill filed by a judgment creditor, which seeks to set aside an alleged fraudulent conveyance by the debtor and to subject the property so fraudulently conveyed to the payment of complainant's debts, and which asks for a discovery as to the other property owned by the debtor, is not subject to demurrer because it is not verified; the discovery asked being merely incidental to the relief sought.

5. *Same; right of creditor to have an accounting and settlement of the partnership.*—Where in a bill filed by a judgment creditor seeking to set aside several alleged fraudulent conveyances and to subject to the payment of the complainant's judgment the property owned by the debtor, it is averred that the judgment debtor is a member of the partnership, and that, for the

purpose of hindering, delaying and defrauding his creditors he is selling and has sold his interest in the partnership business to his co-partner, and that the co-partner is aiding said debtor to convert his interest in the partnership assets into money, for the purpose of putting it beyond the reach of his creditors by purchasing from him his interest in the property, with the knowledge of the debtor's purpose to hinder, delay and defraud his creditors, a special prayer in such bill for relief against the said partnership for an accounting and settlement thereof, and that the interest of the judgment debtor be ascertained and condemned to the payment and satisfaction of the complainant's judgment, does not render the bill demurrable; since, upon proof of such allegations the complainant would be entitled to have the court settle the partnership and condemn the debtor's interest to the satisfaction of his judgment.

APPEAL from the Chancery Court of Pike.

Heard before the HON. JERE N. WILLIAMS.

The bill in this case was filed by the appellee, the Farley National Bank, against J. M. Henderson, Alex Henderson & Co., Alex Henderson, W. C. Black, Fox Henderson and Maggie Henderson.

In addition to the averments of the bill, which are copied in the opinion, it was further averred therein that pending the suit of the complainant against J. M. Henderson in the Circuit Court of Pike county, J. M. Henderson was in the mercantile business in Troy, Alabama, but prior to the rendition of the judgment in said suit, he sold out his interest in said mercantile business to Alex Henderson who is his son and W. C. Black, who is his son-in-law; that at the time of said sale and transfer of the mercantile business, there was also a suit pending against said J. M. Henderson in the City Court of Montgomery, sitting in Equity, wherein a decree was rendered in favor of the complainant in said suit; and that Alex Henderson and W. C. Black and each of the other respondents in this case knew of the pendency of said suits; that said transfer of said mercantile business to Alex Henderson and W. C. Black was made by J. M. Henderson with the intent and for the purpose of hindering, delaying and defrauding his creditors and especially the complainant; that J. M. Henderson was de-

sirous of placing his property beyond the reach of his creditors by disposing of all of such property as might be subject to levy and sale under execution; that Alex Henderson and W. C. Black knew of this fraudulent purpose of J. M. Henderson at the time of said transfer and they knowingly and intentionally aided and assisted the said Henderson in converting his property into money or other property which could be placed beyond the reach of his creditors. It is then averred that if the complainant was mistaken in the foregoing averments as to the sale of said stock of goods, that there was a fictitious and simulated transfer of said mercantile business or of J. M. Henderson's interest therein to Alex Henderson & Co. and Alex Henderson and W. C. Black for the purpose of running said business in the name of Alex Henderson & Co., while, in fact, it was being carried on for the use and benefit; in whole or in part, of said Henderson, he being the party really interested in said business, after said simulated or fictitious transfer, and that said transfer was made for the purpose of hindering, delaying and defrauding the grantors of J. M. Henderson, and this purpose was known to Alex Henderson and W. C. Black. It was further averred that during the pendency of the suit by the complainant in the circuit court of Pike County against J. M. Henderson, the said Henderson purchased a lot in the town of Troy, Alabama for $2,000, and although he paid the purchase price thereof, he had the title taken in the name of, and the deed executed to, his wife, Maggie Henderson. After said purchase, J. M. Henderson built a house and made other improvements on said lot to the value of $5,000, or other large sum, which building and improvements were made with the money of said J. M. Henderson; that J. M. Henderson had the title to said lot taken in the name of Maggie Henderson and the improvements made thereon for the purpose of placing the same beyond the reach of the creditors of J. M. Henderson and for the purpose of hindering, delaying and defrauding the complainant.

The prayer of the bill was as follows: "And upon a final hearing of said cause may your honor determine and decree that the transfer or sale and transfer of said

stock of goods, wares and merchandise and other assets embraced in said business in which J. M. Henderson is interested to Alex Henderson and W. C. Black, or to Alex Henderson & Co., in which they are interested is fictitious, fraudulent or simulated to the extent of the interest of the said J. M. Henderson, and that they be required to pay the same, or the value thereof to orator in payment and satisfaction of said judgment against the said J. M. Henderson, or that the said business in the possession or under the control of Alex Henderson and W. C. Black is in whole or in part the business and property of the said J. M. Henderson, and subject to the satisfaction of orator's judgment. And may your honor order an accounting and settlement of the partnership business and property of the said J. M. Henderson, and ascertain the interest in said business of the said J. M. Henderson, and condemn his interest in said buiness and the assets thereof to the satisfaction of orator's said judgment; and may your honor ascertain the whereabouts of the assets and property of the said J. M. Henderson and condemn the same, in whosoever hands or possession they may be found, to the payment and satisfaction of orator's said judgment. And may your honor set aside and cancel the alleged title and interest of the said Maggie Henderson to the house and lot hereinbefore described where the said J. M. Henderson now resides and condemn the same and order it sold and the proceeds of sale applied to the payment and satisfaction of orator's said judgment. And may your honor grant unto orator all such other, further, general relief as in equity and good conscience it is entitled to, the premises being considered."

To the bill, the respondents demurred upon the following grounds: 1. Said bill of complaint seeks a discovery of the assets and effects of the defendant, J. M. Henderson, and the allegations thereof are not sworn to. 2. Said bill of complaint seeks to have a discovery of the assets and effects of the defendant J. M. Henderson, and requires him to answer the interrogatories and allegations thereof, but waives his oath to answer required of him. 3. The bill of complaint does not

allege that the facts sought to be discovered can not be proved without the answer of the defendant, J. M. Henderson. 4. Said bill shows upon its face that said complainant knows of effects belonging to the defendant, J. M. Henderson, which are subject to the payment of his debt without a resort to this bill of complaint, in that it alleges that the said J. M. Henderson is a member of the firm of J. M. Henderson & Co., and also alleges that the said J. M. Henderson & Co. has a large amount of money due it; and is therefore without equity as to the discovery sought therein. 5. Said bill of complaint does not show why the indebtedness of the complainant can not be made at law, without resorting to this proceeding, out of the interest of the said J. M. Henderson & Co., and is, therefore without equity as to the discovery sought. 6. Complainant has an adequate remedy at law for the collection of its debt, as shown by the allegations of its bill, for they show that J. M. Henderson's interest in the business of Alex Henderson & Co. is subject to the payment of his debts and that execution can be levied thereon, and the debt of the complainant collected without a resort to equity for a discovery. 7. Said bill of complaint is multifarious in that it unites with a bill of discovery separate and distinct causes of action, which are in their nature suits for the purpose of subjecting a certain house and lot to the payment of the debt of the complainant, also the stock of goods and business and effects of Alex Henderson & Co., when said bill shows on its face that they each involve separate and distinct transactions, dependent upon separate and distinct proof, and neither has any connection with the discovery sought of the defendant, J. M. Henderson. 8. There is no equity in said bill of complaint in so far as it seeks to set aside the alleged sale of the stock of goods to Alex Henderson & Co., and in so far as it seeks to subject to the payment of complainant's debt, the house and lot described in said bill of complaint, for the reason that said bill of complaint shows that the said J. M. Henderson is worth $50,000 or other large sum; the purpose of the bill being to ascertain in what kind of property the same consists, and when found out, the bill shows that it is subject to his debts, and therefore the matters and things set out in said bill show that the

alleged sale to said Alex Henderson & Co. is not a fraud upon complainant as one of its creditors, neither is the alleged taking of title to the lot described in said bill, and the erection of said house thereon in fraud of complainant as one of his creditors. The 9th ground of demurrer is copied in the opinion.

On the submission of the cause upon the demurrer, the chancellor rendered a decree overruling it. From this decree the respondents appeal, and assign the rendition thereof as error.

FOSTER, SAMFORD & CARROLL for appellants.—The bill in this case being a bill for discovery should have been sworn to. Not being verified as required by law, it was subject to the demurrer interposed.—*Sweetzer v. Buchanan,* 94 Ala. 574; *Lawson v. Warren,* 89 Ala. 584; *Bromberg v. Bates,* 98 Ala. 621.

If it appears that the debtor has visible property, sufficient to pay the debt, which can be reached and subjected by the ordinary process of levy and sale, equity will not entertain a bill for discovery of assets concealed, like that in the present case.—*Lawson v. Warren,* 89 Ala. 584; *Sweetzer v. Buchanan,* 94 Ala. 574; *Sorrell v. Vance,* 102 Ala. 211.

The complainant seeks to come into Chancery to have a partnership settlement effected of a partnership composed of his debtor and another, without showing any lien upon his debtor's interest, nor any other right or title thereto.

A creditor of a member of a copartnership must acquire a lien on the interest of his debtor by process, before he can subject it by winding up the partnership.— *Lincoln Bank v. Gray,* 12 Lea (Tenn.) 459; *Atkins v. Saxton,* 77 N. Y. 195; *Burrell v. Lowry,* 18 N. B. 367; *Weaver v. Ashcraft,* 50 Texas, 427; 17 Amer. & Eng. Encyc of Law, 1337, note.

ROQUEMORE & HARMON, *contra.*—The purpose of the bill is not for a discovery only, but it is a bill by a judgment creditor to set aside the fraudulent conveyances, and have the property or its proceeds condemned to the

payment of the judgment; and the discovery sought in the bill by the interrogatories is merely incidental to the main purposes of the bill.   If the interrogatories were all stricken out, it will still be a good bill of complaint and free from demurrer.   Such a bill need not be sworn to.   It comes directly within section 679 of the Code of 1896.—*Russell v. Garrett,* 75 Ala. 348; *Bromberg v. Bates,* 98 Ala. 621.

The bill of complaint is not multifarious for a misjoiner of parties defendant, or for any other reason.— *Hill Bros. v. Moone,* 104 Ala. 353; 5 Encyc. of Pl. & Pr. 559, 561, note and authorities; *Handley v. Heflin,* 84 Ala. 600.

TYSON, J.—The bill in this cause was filed by a judgment creditor of respondent J. M. Henderson against him, Alex Henderson & Co., a firm composed of his son, Alex Henderson and his son-in-law, W. C. Black, Fox Henderson and Maggie Henderson, and seeks to have declared fraudulent certain conveyances and transfers alleged to have been made by him of certain property to Henderson & Co. and certain property to Maggie Henderson, with the intent to defraud his creditors.   As to Fox Henderson it is alleged in the 4th paragraph of the bill as follows: "Orator avers that for several years prior to the time of the filing of this bill said J. M. Henderson and Fox Henderson have been engaged in and doing business as partners under the firm name and style of J. M. Henderson & Co.; that their principal business was loaning money to different persons for which they took notes and mortgages, and orator avers that there is now a large amount of money due said J. M. Henderson & Co., by different persons, but orator is not informed as to the interest of said J. M. Henderson and the said Fox Henderson in said business of J. M. Henderson & Co., but orator charges as a fact that they are equal partners and equally interested in said business, but orator avers on information and belief and avers as a fact that they are equal partners and equally interested in said bus'ness, but orator avers on information and belief and as a fact, that pending the suit against said J. M. Henderson in favor of orator in the circuit court

of Pike county, Ala., of which the said Fox Henderson well knew, the said J. M. Henderson has been arranging to withdraw and withdrawing, and is now continuing to withdraw as much as possible the moneys and assets from said business, and with the aid of said Fox Henderson has been and is converting his assets invested in said business in money or bond or property of such character as that he can place it, and he has largely placed it, beyond the reach of his creditors so that it cannot be reached and subjected to the payment of orator's judgment by ordinary legal process; and orator avers that the said Fox Henderson has been and is aiding and assisting said J. M. Henderson in placing his property and assets beyond the reach of creditors and beyond the reach of orator by purchasing the interest of the said J. M. Henderson in various debts and assets that they are mutually interested in, with knowledge of the fraudulent intent and purpose of the said J. M. Henderson by paying him the money for same, or in other ways which are not fully known to orator."

The bill further alleges that J. M. Henderson had money, property and assets amounting to the value of $50,000 or other large sum, but that during the pendency of complainant's suit in which the judgment was obtained he transferred this property and assets to the several respondents in such manner as to obstruct the collection of complainant's judgment by levy and sale under execution, or he has disposed of his said property to the several respondents who had full knowledge of his financial condition and of the pending suit against him and of his intent and purpose to place the same beyond the reach of his creditors and received from them the money in payment of the same, "so that orator avers that the said J. M. Henderson has no property for the payment and satisfaction of orator's judgment against him which can be reached by ordinary legal process against him, and orator avers that a discovery of moneys, property and assets of the said J. M. Henderson is necessary for the payment and satisfaction of orator's said judgment; and to the end that orator may have the information necessary to discover the property and

assets of the said J. M. Henderson in order to obtain payment and satisfaction of said judgment, the said J. M. Henderson and his several co-respondents are required to make full, true and complete answers to the interrogatories propounded."

It has been too well settled by the decision of this court to be now questioned that a judgment creditor, without a return of *nulla bona,* or the issuance of execution, may maintain a bill to subject to the payment of his debt any property which has been fraudulently transferred or attempted to be fraudulently conveyed by his debtor.—Code, § 818; *Carter v. Coleman,* 82 Ala. 177; *Wooten v. Steel,* 109 Ala. 563; *McClarin v. Anderson,* 109 Ala. 571.

Nor can it now be a matter of disputation that the judgment creditor may pursue property fraudulently conveyed although the debtor has other legal assets out of which the creditor may enforce the collection of his debt, and of necessity, the solvency or insolvency of the debtor is of no consequence.—*McClarin v. Anderson, supra; Beall v. Lehman, Durr & Co.,* 110 Ala. 446, and authorities therein cited.

It is equally as well settled by the decisions of this court, that a bill in equity by a creditor, seeking to vacate and set aside several conveyances of the debtor's property as fraudulent and to subject the property so conveyed to the satisfaction of his demand is not multifarious because the several grantees, who are joined as parties defendant, acquired different portions of the property under separate and distinct conveyances executed at different times, and there is no allegation that these several sales and conveyances had any actual connection with each other in any way, either in fact or intent.—*Hill Bros. v. Moone,* 104 Ala. 353, and authorities therein cited.

The bill is not one for discovery only, but was properly filed, and in this respect its sufficiency is not questioned, to subject the property of complainant's debtor, which it is alleged was fraudulently conveyed to Alex

Henderson & Co. and Maggie Henderson. Upon the allegations as to those two grantees, if true, there cannot be serious doubt of the right of the complainant to relief, independent of the discovery sought by the bill. The discovery there sought is merely incidental to the relief; the complainant being entitled to have these conveyances declared fraudulent and to subject the property held by these grantees to the payment of the judgment, the grounds of demurrer to the bill predicated upon the theory that it should have been verified, were properly overruled.—Code, § 679; *Burke v. Morris & Co.*, 121 Ala. 126, and authorities there cited; *Dayton Plaster v. Thorne-Franklin Shoe Co. ante*, p. 360.

What we have said disposes of all the grounds of the demurrer insisted upon in argument except the ninth, which relates only to the fourth paragraph of the bill and the relief prayed under it.

The special prayer for the relief against J. M. Henderson & Co. is that an accounting and settlement be had of the partnership business of the said J. M. Henderson & Co., and the interest of J. M. Henderson be ascertained and it be condemned to the payment and satisfaction of the complainant's judgment.

This ground of demurrer is as follows: "There is no equity in that part of said bill of complaint wherein complainant seeks to have the partnership of J. M. Henderson & Co. brought into this court and that the same be settled, upon the ground that complainant has not shown by its bill any right to have said partnership settled and have the interest of said J. M. Henderson therein subjected to its said judgment; it not having bought the interest of said Henderson in said partnership and has not shown any other interest which it has in the interest of J. M. Henderson therein, which would authorize it to have a settlement thereof in this court for the benefit of complainant."

Appellants' counsel in drawing this demurrer and their argument here have wholly misconceived the effect of the averments of the 4th paragraph of the bill, and the special prayer. If the allegations be true that Fox Henderson, is aiding J. M. Henderson, his partner, to

[Alabama Great Southern Railroad Co. v. Siniard.]

convert his interest in the partnership assets into money
for the purpose of putting it beyond the reach of his
creditors by purchasing from him his interest in the
property with a knowledge of his purpose to hinder, de-
lay or defraud his creditors, this stamps the transac-
tions as fraudulent, and the complainant has the right
to have such sale and purchase set aside. And after
securing the setting aside of the transfer be-
tween them, the title of J. M. Henderson to
the property having never passed, as against his
creditors, the complainant unquestionably has the
right to have the court settle the partnership and
condemn J. M. Henderson's interest to the satisfaction
of its judgment. There was no error in overruling this
ground of demurrer.

We find no error in the record and the decree must
be affirmed.

Affirmed.