[Guyton *et al.* v. Terrell.]

# Guyton *et al. v.* Terrell.

*Bill in Equity by Judgment Creditor to Subject Properly Fraudulently Conveyed and for Discovery.*

(Decided November 27, 1901.)

1. *Bill; when verification sufficient.*—Where a bill in equity averred certain matters positively and others upon information and belief, and complainant's agent makes oath thereto that "of his own knowledge he knows that the facts are true as therein stated," the verification is sufficient.

2. *Same; when sufficient reason shown for verification not being made by complainant.*—Where the affidavit to a bill for discovery, made by complainant's agent, shows that complainant is a non-resident of the State and resides now in another State, it shows a sufficient reason for the bill not being verified by complainant in person, under Rule 15, Code, p. 1205.

3. *Bill for discovery and to subject assets fraudulently conveyed; when not multifarious.*—A bill in equity seeking satisfaction of complainant's judgment out of the property of defendants in judgment, which is either held by fraudulent grantees or is concealed by respondents, is not multifarious.

4. *Bill for discovery and to subject assets fraudulently conveyed; misjoinder of parties respondent.*—Such a bill is not demurrable for misjoinder of parties respondent, where it is filed against the judgment debtor and several ·alleged fraudulent grantees, claiming through different transactions with them.

5. *Same; proper parties respondent.*—To such a bill certain persons to whom it is alleged one of the judgment debtors loaned money, with intent to hinder, delay and defraud complainant, and had them execute notes to his ·wife, are proper, if not necessary, parties; as are also the judgment debtors

6. *Same; voluntary conveyance when void as to judgment creditor.*—Where a mortgage is given by a judgment debtor, with intent to hinder, delay and defraud his creditors, and without consideration, it is fraudulent and void as to them, whether the mortgagee knew or had notice of the grantor's covinous intent or not.

7. *Same; fraudulent conveyance; effect of fictitious consideration recited in mortgage.*—Where a mortgagee takes a mortgage,

[Guyton *et al.* v. Terrell.]

reciting a cash consideration of $375, when the indebtedness secured does not in fact exceed $100, and the mortgagor executes the mortgage with fraudulent intent, the mortgagee is put on inquiry as to the mortgagor's purpose and intent, and is chargeable with participation in such intent, and the mortgage is fraudulent and void as to the mortgagor's existing creditors.

8. *Same; fraudulent concealing of property; mortgage, not delivered, or paid and record not marked "satisfied."*—If a mortgage made to secure a debt, has been put to record, and the debt has been paid, or if the mortgage never was in fact delivered to the mortgagee, and in either case the mortgagee conspired with the mortgagor to keep the record alive, to the end of preventing the subjection of the mortgaged property to the claims of the mortgagor's creditors,—this is a fraudulent covering up of property, for which equity affords relief.

9. *Voluntary conveyance; validity of; husband and wife.*—A gift by a husband to his wife of money or other property after the recovery of a judgment against him, is a voluntary conveyance and void as to the judgment creditor, regardless of the intent actuating the parties or of the wife's knowledge as to the husband's condition.

10. *Bill to subject property fraudulently conveyed; legal remedy; garnishment.*—It is no objection to a bill to subject property fraudulently conveyed by a debtor that the creditor complainant has a remedy at law, by garnishment or otherwise.

11. *Bill to subject property fraudulently conveyed and for discovery; when discovery necessary.*—Where a bill shows that there is no property standing in the name of defendants (judgment debtors) upon which execution might be levied; and that their only property which can be subjected to satisfaction of complainant's judgment is that which has been fraudulently conveyed by one of the judgment debtors, and that which is concealed by him, as to which discovery is prayed; and that all the property so conveyed by him is not of value sufficient to pay complainant's judgment,—it shows that the discovery sought is necessary.

12. *Bill in equity to subject property fraudulently conveyed; statutes of limitation of three and six years.*—The statutes of limitation of three and six years are no defense to a bill in equity by a judgment creditor to subject to the payment of his debt a dwelling house situated on the property of the judgment debtor's wife, which has been rebuilt with money advanced by the husband since the recovery of complainant's judgment against him.

[Guyton *et al.* v. Terrell.]

13. *Bill for discovery; sufficiency of allegation of concearment of property by judgment debtor.*—In a bill filed by a judgment creditor to subject property fraudulently conveyed by his judgment debtor and for the recovery of assets and property concealed, allegations are sufficient to present a case for discovery which show (upon information and belief) that the judgment debtor (defendant) "owns property, sufficient and liable to satisfy complainant's judgment, which he keeps hid out and fraudulently secreted and the title obscured, and has a large sum of money which he keeps secreted and hid and its place of deposit, and in whose custody it is, unknown; and certain notes and accounts which are really his and which he secretes and takes in the name of his relatives, the number and amount of which, and by whom owned, are to complainant unknown, and also certain other property, the nature and whereabouts of which are unknown to complainant, all being liable to the satisfaction of complainant's judgment, and kept hid and secreted by defendant to prevent the same from being subjected thereto."

APPEAL from Lamar Chancery Court.

Heard before Hon. W. H. SIMPSON.

The nature and averments of the bill are sufficiently shown by the opinion, with the exception of the averments regarding the concealment by Guyton, and the averments of subdivision 4 of paragraph 3 of the bill. These averments are, respectively, as follows: Paragraph Four.—"Complainant alleges that the defendants in execution do not own any property visible and not conveyed away, subject to levy under execution, or any other process from a court of law, to satisfy her judgment, or any part thereof; that the property mentioned in this bill and sought to be made subject to the satisfaction of her judgment, if all recovered, would not be sufficient by several hundred dollars to satisfy the same. The complainant is informed and believes and states the fact to be, that the said John S. Guyton, one of the defendants in execution, owns property, sufficient and liable therefor, to satisfy her said judgment, which he keeps hid out and fraudulently secreted and the title obscured, if properly discovered and applied thereto. The said John S. Guyton has a large sum of money which he keeps secreted and hid, and its place

of deposit, and in whose custody it is unknown; and also certain notes and accounts which are really his and which he secretes and takes in the name of his relatives, the number and amount of which and by whom owned, are to complainant unknown, and also certain other property, the nature and whereabouts of the same are unknown to the complainant, and the same and all of the property in this paragraph mentioned being liable to the satisfaction of her said judgment, and is kept hid and secreted to prevent the same from being subjected thereto, and which the defendant should be made to discover and disclose its whereabouts, to the end that it may be subjected to the payment of her judgment." Paragraph Three, Subdivision Four.—"The defendant, complainant is informed and believes, and states the fact to be, has spent at the request of the said Julia A. Guyton the sum of $500 in rebuilding a dwelling house on the S. W. ¼ of section 29, T. 13, R. 15, in said county, then and now the property of the said Julia A. Guyton, which the said John S. Guyton had given to her before the rendition of complainant's judgment. The said sum, so spent as above named, in the rebuilding of the said house, being money that was liable to the judgment of complainant and so expended since the rendition of her judgment. The said sum so spent being a gift to his said wife, and with the intent and design to place the same beyond the reach of the complainant."

As to the property mentioned in paragraph three of the bill it prayed "that all the property therein mentioned be decreed subject to the judgment of complainant; and all the claims of ownership thereto, as claimed by the said Julia A. Guyton, be held for naught, and divested out of her, and the said notes, mortgages and dwelling, and the other property therein mentioned, to be liable to the said judgment, to be so decreed, and thereupon delivered up to a receiver of the court's appointment, to be by him collected, foreclosed and sold, as the nature of the property may demand, and the proceeds thereof to be applied to the satisfaction of complainant's debt," etc., etc.

The grounds of demurrer interposed by Mrs. Guyton to subdivision 4 of paragraph 3, in so far as they are

[Guyton *et al.* v. Terrell.]

different from those to the bill as a whole and referred to in the opinion of the court, are as follows: (1.) "The allegations therein do not show facts which would justify this court in holding the lands of this defendant subject to the debt of the complainant." (4.) "The allegations therein show only that the money was expended by John S. Guyton for the use of this defendant, thus rendering this defendant liable only for money paid, or had and received, and avers no facts creating a lien, or making it anything other than a simple liability." (5.) "It does not appear that the alleged liability of this defendant is still outstanding, or when said money was expended, or that it was not more than three years before the filing of this bill, or that any debt now exists which is not barred by the statute of limitations." (6.) "The averments therein are vague and indefinite as to the relief sought. It does not appear whether complainant seeks to fix a lien upon said property, or seeks a judgment for money against the defendant." (9.) "It does not appear from said subdivision but that the land upon which said improvements are situated is the homestead of this defendant, and the same is not alleged to be over $2,000 in value, or liable for the debt for the payment of which a lien is sought to be enforced upon it."

Nesmith & Nesmith, for appellants.

W. A. Young, for appellee.

No brief for either party came to the hands of the Reporter.

McCLELLAN, C. J.—This bill is exhibited by Susan M. Terrell, a judgment creditor of John S. Guyton and N. B. Guyton, against said Guytons and several other persons who are alleged to be fraudulent grantees, etc., of property and assets of the defendant in judgment, etc.; and it is also alleged that said Guytons, or John S. have property and effects subject to the satisfaction of said judgment, which they conceal, etc. It prays for the subjection of the property and assets so fraudulently

conveyed, and for discovery of property, etc., concealed, and its subjection to complainant's judgment, etc. The affidavit to the bill was made by one J. H. Miller, and it is therein affirmed that said Miller "is the agent of Mrs. Susan Terrell, the complainant in the foregoing bill, and duly authorized to act as such agent in this matter; that the complainant, Susan M. Terrell, is a non-resident, and resides now in the State of Texas; and further that affiant, of his own knowledge, knows that the facts alleged in the original bill and the amendments thereto are true, as therein stated." Some of the facts alleged in the bill are stated as upon the knowledge of the complainant; i. e., positively and not upon information and belief. This affidavit positively affirms the truth of such facts as upon affiant's knowledge. Other facts are alleged thus: "Complainant is informed and believes, and alleges the fact to be," etc. The affidavit is an affirmation that the affiant knows that complainant was informed and believes as alleged, and as to both classes of allegations the verification is sufficient. *Burgess v. Martin*, 111 Ala. 656; *Schilcer v. Brock*, 124 Ala. 626.

There is no merit in the objection that the affidavit should have been made by the complainant herself. It sets "forth a sufficient reason why" the verification is not made by her.—Code, p. 1205, rule 15.

The purpose of the bill is single. It seeks satisfaction of complainant's judgment out of the property of defendants in judgment, which is either held by fraudulent grantees or is concealed; and it is not open to the objections of multifariousness or misjoinder of parties respondent, for that it is filed against several alleged fraudulent grantees of such defendants, shown by the bill to be claiming through different transactions with the Guytons.—*Hinds v. Hinds*, 80 Ala. 225; *Hill v. Moone*, 104 Ala. 353 and cases there cited; *Henderson v. Bank*, 123 Ala. 547. The form of the transaction by which it is alleged one of the defendants in judgment fraudulently disposed of his assets was this: With the intent to hinder, etc., the complainant, he loaned several sums of money to divers persons, and had them severally execute notes to his wife. On the case made

by the bill, these borrowers, so far as complainant's rights are involved, owe the money to the defendant in judgment, and will have to pay it in satisfaction of the judgment. Surely they are proper, if not necessary, parties to the bill. So, also was N. B. Guyton, one of the defendants in the judgment.

In respect of the mortgage by John S. Guyton to Redden, there are alternative averments: First, it is averred that the mortgage was given by Guyton with intent to hinder, delay and defraud his creditors, and that there was no consideration for it,—that it was a voluntary conveyance. This, of course, rendered it fraudulent and void, whether Redden knew or had notice of Guyton's covinous intent or not. The other averments in this connection are as follows: "That, if there was any debt owing from the said Guyton to the said Redden" at the time of the execution of said mortgage, "the complainant is informed and believes that it was only a small medical bill [the consideration recited in the mortgage is $375 presently received from Redden], and that payments have been made by the said Guyton to the said Redden which discharged the debt, if one did really exist; that the defendant Guyton at the time of the execution of the mortgage owed the said Redden, she is informed and believes, more than one hundred dollars. The complainant, from information she has, does not believe that the said Guyton has ever delivered the said mortgage to the said Redden, but retains the same in his own possession, and the said Redden now refuses to have the said mortgage marked 'satisfied,' and thereby conspires with said Guyton to keep the same beyond the reach of complainant's execution." We suppose it was intended to allege that Guyton owed Redden not more than $100, and we will treat the omission from this transcript of the word "not" as a clerical misprision. Taking the whole averment to mean that Guyton owed Redden a small medical bill, not exceeding $100, and considering it in connection with the averred recital of a cash consideration of $375, and the averment of Guyton's fraudulent intent in executing the mortgage, we hold that in taking a mortgage, upon such

recital of consideration, to secure the payment of a debt not exceeding $100, Redden was put on inquiry as to Guyton's purposes and intent, and is, therefore, chargeable with participation in such intent with Guyton, and the mortgage would, therefore, be fraudulent and void as to complainant. If the mortgage was made to secure a debt, and was put to record, and the debt has been paid, whatever its amount, or if the mortgage was never in fact delivered to Redden, and for that reason failed of execution, and in either case Redden conspired with Guyton to keep the record alive, so to speak, to the end of interposing it as an obstacle and a hindrance to the subjection of the land to complainant's judgment, this would be a fraudulent covering up of the property, for which complainant has a remedy by a bill in chancery. But it is not averred that the mortgage was recorded; and, for aught that does appear by the bill, Redden in this connection is sought to be held for failing to mark satisfaction upon a mortgage—not upon the record of it—which has never been executed by delivery to him, and of which he has never had possession. There is, however, no assignment of demurrer which specially points out this defect in the bill.

The averments of the bill as to the property, money, etc., transferred to Mrs. Guyton, show that money and other property were given to her by her husband, John S. Guyton, after complainant recovered her judgment. These were voluntary transfers, which are void as to complainant, regardless of the intent actuating the parties, or the knowledge of Guyton's condition possessed by Mrs. Guyton.

It is no objection to a bill to subject property fraudulently conveyed by a debtor that the creditor complainant has a remedy at law, by garnishment or otherwise to that end.

The bill avers—indeed, the return of the execution shows—that there is no property standing in the name of the defendants upon which the execution might be levied. The bill further shows that the only property of defendants in judgment which can be subjected to its satisfaction is that which has been fraudulently conveyed by defendant John S. Guyton, and that which is

concealed by him, and as to which discovery is prayed. It further alleges that all the property so conveyed by him is not of sufficient value to pay plaintiff's judgment. It is thus made to appear that the discovery sought is necessary, even should the alleged fraudulent grantees be forced to restore for complainant's benefit what they have received from John S. Guyton. The averments of the bill as to Guyton having money, property, and effects which he conceals so that execution against him would be unavailing are as full and precise as the nature of such cases ordinarily and reasonably admits of. They are sufficient to present in this regard a case for discovery, and we deem it unnecessary to enter upon a discussion of the numerous assignments of demurrer against this part of the bill.

The question whether a respondent to a bill of discovery may be imprisoned for failure to answer according to the prayer of the bill is not involved in the present stage of this case. But see Code, §§ 816, 819.

The demurrer of Mrs. Guyton to sub-paragraph 4 of paragraph 3 is without merit. The statutes of limitations of three and six years have no application to the claim presented by said sub-paragraph.—*Stoutz v. Huger*, 107 Ala. 248.

What we have said covers the points argued for appellant. We find no error in the record, and the decree of the chancellor overruling the demurrers to the bill must be affirmed.