# Northwestern Land Association *v.* Grady.

*Bill in Equity to enforce Construction of Trust.*

1. *Equity pleading; what considered on appeal from a decree in chancery upon demurrer.*—Where an appeal is taken as allowed by the statute, from a decree overruling demurrers to a bill in equity, (Code, § 427), the appellate court is restricted in its jurisdiction to a consideration of the question raised on the decree from which the appeal is taken, and can not review an interlocutory decree previously made on a motion to set aside a former order dismissing the cause.

2. *Equity jurisdiction; when bill by stockholder of corporation not multifarious.*—Where a bill filed by a stockholder of a corporation avers that through a scheme and conspiracy on the part of the managing officers of the corporation, into which the other respondents entered and participated, the corporate property had been wasted and lost to the corporation and its stockholders, by reason of certain alleged fraudulent conveyances, and that certain decrees of the chancery court were fraudulently obtained by and through which conveyances of property were effected, and the prayer of the bill was that such alleged fraudulent conveyances be set aside and annulled and the property fraudulently conveyed be restored to the corporation and the fraudulent grantors and grantees be held for an accounting, such bill is not multifarious.

3. *Corporation; fiduciary relation existing between directors and corporation.*—The directors or other governing members of a corporation, in their dealings respecting corporate interests, are subject to the rules which govern the acts of persons oc-

[Northwestern Land Association v. Grady.]

cupying fiduciary relations; and, therefore, it is a breach of their fiduciary obligations for such officers, by acquiring property for themselves, to interfere with the enjoyment by a corporation of beneficial property, or in any way impairing the value of the corporation's property rendering it less effectual for the purposes of its corporate creation; and such derelictions will, in equity, be construed as a fraud on the corporation, establishing a constructive trust in its favor.

4. *Bill to enforce constructive trust; statute of limitations of three and six years no defense.*—To a bill in equity seeking to enforce a constructive trust, the statute of limitations of three and six years presents no defense.

APPEAL from the Chancery Court of Madison. Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellee, James M. Grady, a stockholder in the Northwestern Land Association, against the Northwestern Land Association and certain of its officers and certain other parties, who are averred to have conspired with such officers to deprive the corporation of valuable property, etc. The purpose of the bill and the facts of the case, necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The respondent demurred to the bill upon the grounds that the bill was multifarious and further it is shown by the averments of the bill, that the acts complained of transpired more than three and less than six years before the filing of the bill and that the relief sought was, therefore, barred by the statute of limitations.

On the submission of the cause upon the demurrer, the chancellor rendered a decree overruling them. From this decree the respondents appeal, and assign the rendition thereof as error.

The respondents also assigned as error a decree made by the chancellor in vacation, setting aside a former decree dismissing the bill and reinstating the cause.

COOPER & FOSTER and JERE MURPHY, for appellant. The bill in this case was multifarious. Each alterna-

tive statement must entitle the complainant, not only
to relief, but to precisely the same relief; and the same
defenses must be applicable.—*Caldwell v. King*, 76
Ala. 149; *Park v. Lide*, 90 Ala. 246.

The bill was dismissed at a regular term of the court
for want of prosecution. This decree was final, and
the court was without authority, at any time, to set it
aside.—*New England Co. v. Davis*, 122 Ala. 155; *Ex parte Gast*, 119 Ala. 463.

CHAS. B. POWELL, *contra.*—The contention of ap-
pellee is that the statute of limitations of 3 and 6 years
can have no application here for a number of reasons.
The bill is against the officers and directors of a cor-
poration by a stockholder complaining of gross mis-
management and fraud, and its purpose is to divest
the title out of them and the parties who conspired
with them to deprive the corporation of its lands
through the agency of an *ultra vires* resolution, and a
fictitious or a number of fictitious mortgages.—*La-
garde v. Anniston Lime and Stone Co.*, 126 Ala. 500;
*Mobile Land and Imp. Co. v. Gass*, 129 Ala. 214; *Coxe
v. Huntsville Gas Light Co.*, 106 Ala. 373; *Lebeck v.
Ft. Payne Bank*, 115 Ala. 447; *Streety v. McCurdy*,
104 Ala. 493; *Stallworth v. Blum*, 50 Ala. 46; *Curry
v. Peebles*, 83 Ala. 225; *Pinkston v. Brewster*, 14 Ala.
315.

The statute of limitations on bill to set aside fore-
closures is ten years.—*Liddell v. Carson*, 122 Ala. 518;
*Brackin v. Newman*, 121 Ala. 311.

The bill in this case was not multifarious.—*Newlin
v. McAfee*, 64 Ala. 364; *Tenn. C., I. & R. R. Co. v.
Hayes*, 97 Ala. 201.

DOWDELL, J.—The appeal in this case is taken
from an interlocutory decree of the chancellor overrul-
ing the demurrers of the respondents to the complain-
ant's bill as amended. Without the statute—§ 427—
such an appeal would be unauthorized. The party
would be compelled to await a final decree in the cause,
before the right of appeal to this court would arise.

The statute confers no right of appeal from an interlocutory decree on a motion to set aside an order, by which a cause, that has been dismissed for want of prosecution, is restored to the docket. Nor can such decretal order be reviewed here on appeal taken under the statute from a decree on demurrer. Our jurisdiction, which is appellate, is restricted to a consideration of the questions only raised on the decree from which the appeal is sued out.

The bill is filed by a stockholder and its purpose is to annul and set aside certain alleged fraudulent conveyances, by which the corporate property has been wasted and lost to the corporation and the stockholders, and all, through a common scheme and conspiracy on the part of the managing officers of the corporation into which the other respondents entered and participated. As a part of the alleged conspiracy and common design to defraud, it is also averred in the bill, that certain decrees of the chancery court were fraudulently obtained, by and through which, conveyances of the corporate property were effected, and these decrees are sought to be annulled and set aside, as well as the conveyances resulting under them. The prayer for relief among other things is, that the property thus fraudulently conveyed be restored to the corporation, and that the fraudulent grantors and grantees be held for an accounting for any loss. It is contended by counsel for appellants, that the bill is multifarious in that it seeks to set aside certain alleged fraudulent conveyances by the corporation of the corporate property, under an *ultra vires* resolution of its board of directors, and at the same time seeks to impeach a decree of the chancery court on the ground of fraud. It has been decided by this court—*Henderson et al. v. Farley National Bank*, 123 Ala. 555.—that a bill to set aside fraudulent conveyances, is not rendered multifarious by bringing in any number of fraudulent grantees, though claiming by as many different conveyances, and executed at different times, and even where "there is no allegation that the several sales and conveyances

had any actual connection with each other in any way, either in fact or intent;" citing *Hill Bros. v. Moon,* 104 Ala. 353. *A fortiori,* where, as in the present bill, it is alleged that there was a conspiracy to defraud in which all participated. It is of no consequence as to the manner and form adopted for the conveyance of the property, whether by deeds, or through the judgments and decrees of the courts, improperly employed for the purpose, or by both combined, yet forming a part of the common design to defraud,—all may be properly embraced in one bill, without rendering it objectionable on the ground of multifariousness. The decree impeached by the bill for fraud, was one of the forms employed in perpetrating the wrongs complained of, and is, therefore, not a distinct subject matter, calling for different and distinct relief. Our conclusion is that the bill is not objectionable on the ground of multifariousness.

As stated above the bill is filed by the complainant as a stockholder, and its object is the redress of corporate wrongs. For this purpose it contains the averments necessary to authorize its filing by a stockholder. The complainant, therefore, stands in the position of the corporation in his relation to this suit. The managing officers of the corporation are made respondents. It was said by this court in *Lagarde et al. v. Anniston Lime & Stone Co.,* 126 Ala. 500, "It is well settled that directors and other governing members of a corporation are so far agents of the corporation that in their dealings respecting corporate interests, they are subject to the rules which apply generally to persons standing in fiduciary relations and which forbid such persons to secure an advantage for themselves which fidelity to the trust reposed in them would carry to others whose interests they ought to represent. It is a breach of their fiduciary obligations which equity will not tolerate, for such officers, in antagonism to the corporate interest, to oust the corporation from beneficial property rights which ought to be preserved to it, by acquiring the property for themselves. Derelictions of this kind are treated as a fraud on the corporation

out of which equity will raise a constructive trust in its favor;" citing authorities. Applying the above principle, it is clear, that from the wrongs complained of in the bill before us, equity will raise a constructive trust in favor of the corporation of which the complainant is a stockholder. The nature and purpose of this proceeding is to enforce a constructive trust in lands. In such a case, it has been held by this court that the statutes of limitations of three and six years as a defense, are not applicable, though the statute of ten years would be, if the case was not excepted from its operation by fraudulent concealment of the facts, or some other saving clause of the statute.—*Stoutz, Admr, v. Huger,* 107 Ala. 253.

Our conclusion is that the chancellor committed no error in overruling the demurrers of the several respondents, and his decree will be affirmed. The respondents will be allowed thirty days within which to answer the bill.

Affirmed.