## GEORGE BACICH AND OTHERS v. NORTHLAND TRANSPORTATION COMPANY AND OTHERS.[1]

February 10, 1928.

No. 26,497.

**Test whether complaint in equitable action is multifarious.**

1. In an equitable action the test whether several causes of action are improperly united is whether they could have been included in a bill in equity under the old practice without making it multifarious. A complaint is not multifarious where one general right only is claimed, though the defendants have separate interests and may be subjected to differing liabilities and remedies.

**Only one equitable cause of action when stockholders sue to annul unlawful issue of stock.**

2. Stockholders, suing in the right of a defendant corporation, seek to annul the unlawful issue of stock to defendant G, whereby there was accomplished an unlawful sale of all the assets of the first corporation to a second, which is also a defendant. There is but one equitable cause of action. But if the complaint were construed as joining two or more causes of action, the result would be the same, for they would arise out of transactions connected with the same subject of action.

Equity, 21 C. J. p. 316 n. 74; p. 409 n. 19; p. 416 n. 81.

Plaintiffs appealed from an order of the district court for Ramsey county, Orr, J. sustaining the demurrer of the defendant R. L. Glynn to the complaint on the ground that several causes of action were improperly united. Reversed.

*Peterson, Jackson & Brist* and *A. B. Jackson, Sr.* for appellants.
*Catlin & Bronson,* for respondent Glynn.

STONE, J.

Plaintiffs appeal from an order sustaining a demurrer to the complaint upon the one ground of misjoinder of causes of action. The sufficiency of the pleading otherwise is not involved.

[1]Reported in 217 N. W. 930.

Plaintiffs sue in their representative and derivative capacity as the holders of 140 shares of the Eagle Transportation Company, a Delaware corporation domesticated in this state. It is alleged that its sole business and all its property have been, since its incorporation, carried on and located in Minnesota and that all of its officers and directors, including defendant Glynn, its manager, are residents of this state. Its business consisted of the ownership and operation of certain motor bus lines. Plaintiffs claim to own a majority of its valid stock. After setting up the applicable laws of Delaware, it is charged: (1) That 320 shares of stock were issued illegally to defendant Glynn (the details not being important here); and (2) that by means of the voting power and control of the corporation thereby wrongfully put in Glynn the entire business and assets of the Eagle company have been illegally transferred to defendant Northland Transportation Company. In that connection a conspiracy is averred between Glynn, the Northland company and others not parties to the suit, to bring about and confirm the transfer of the assets of the Eagle company to the Northland company.

1. Joinder of causes of action is regulated by statute. G. S. 1923, § 9277, permits the joining of "two or more consistent causes of action, whether legal or equitable," if they "affect all parties to the action," do not require separate places of trial, and are included in one of the seven classes then enumerated. The first class consists of causes of action arising out of "the same transaction, or transactions connected with the same subject of action." This being an equitable action, it is correctly premised for defendants that the test whether several causes of action are improperly united is whether they "could have been included in a bill in equity under the old practice without making it multifarious." State ex rel. Brooks-Scanlon Lbr. Co. v. Knife Falls Boom Corp. 96 Minn. 194, 199, 104 N. W. 817. Multifariousness is "the improperly joining in one bill distinct and independent matters, and thereby confounding them; as, for example, the uniting in one bill of several matters, perfectly distinct and unconnected, against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill." Story, Eq. Pl. § 271.

"A bill in equity is not multifarious, where one general right only is claimed by it, though the defendants have only separate interests in distinct questions which arise out of or are connected with such right." 5 Dunnell, Minn. Dig. (2 ed.) § 7505.

2. There being but one form of civil action, it is no objection to the joinder of causes of action that some are of a legal and others of an equitable nature. If there be but one general right claimed, it is enough that all the parties are affected. It is not required that they should be affected alike or under the same obligation or with the same liability. In the case of State ex rel. Brooks-Scanlon Lbr. Co. v. Knife Falls Boom Corp. 96 Minn. 194, 201, 104 N. W. 817, the defendants were "not equally interested in or affected by the action," but they were "all interested in some distinct questions" which arose out of the right claimed by plaintiffs. That is this case.

The rules of equity pleading had their origin, and the newer code provisions against multifariousness were formulated, at a time when the present complexity of corporate operation and financing was undreamed of. So they must not be applied in utter disregard of the evolution that has taken place since. Although diverse in results, the conventional schism in a corporation is normally unitary in origin and character, particularly as it affects adversely the complaining minority. And courts would be doing themselves and their constituencies a distinct disservice if they were to use two or more lawsuits for the settlement of such a controversy where one would do the work. "Whilst parties should not be subjected to expense and inconvenience, in litigating matters in which they have no interest, multiplicity of suits should be avoided, by uniting in one bill all who have an interest in the principal matter in controversy," although their interests are in origin different. Brown v. Guarantee Tr. & S. D. Co. 128 U. S. 403, 411, 9 S. Ct. 127, 129, 32 L. ed. 468, quoting with approval Gaines v. Chew, 43 U. S. 619, 11 L. ed. 402. Those cases show how fertile has been the rule against multifariousness in occasions for the use of that handy and much used judicial device of letting each case be determined by its own "peculiar features."

It was not the intent of the pleader in the instant case to declare upon separate causes of action, for there is no attempt at the separate statement required by statute where there is an actual joinder. But that is not controlling, for we look at the substance of the pleading and not its form. The gist of the complaint is that enough stock has been unlawfully issued to Glynn to enable him, wrongfully and against the right and opposition of plaintiffs as the owners of a majority of the legal stock of the Eagle company, to transfer its business and property to the Northland company, which is charged with being a party to a conspiracy to that end. "All the defendants are concerned in the main purposes of the litigation, and it is not material that they are not all affected alike. The principal relief demanded is for a recovery of the property, * * *. One general right is demanded, and it is not fatal that defendants are in a measure separately or independently involved." Venner v. G. N. Ry. Co. 117 Minn. 447, 453, 136 N. W. 271, 273. Mitchell v. Bank of St. Paul, 7 Minn. 192, 195 (252), is also in point. The plaintiffs united "all the participants, whether more or less guilty," and the result was that they showed themselves "despoiled of their property through the instrumentality of the defendants, some to a greater and some to a lesser degree."

Plaintiffs are suing to redress an injury to their common property in the Eagle company. More accurately, the right of the Eagle company as against an unlawful stock issue and the wrongful disposition of all its property thereby accomplished is the one general right sought to be protected. In that view there is but one cause of action. But if perchance we are wrong in that, the result will not be different. For if the complaint be construed as asserting more than one, yet the separate causes of action arise out of transactions connected with the same subject of action. That is so, for the complaint avers a plain and direct connection, as of cause and effect, between the unlawful issue of stock to Glynn and the sale to the Northland company.

The ultimate relief sought being the protection of but one property right, it is immaterial that one sort of remedy is invoked against the Northland company and another against defendant

Glynn. It matters not that plaintiffs show a right against the Northland company for an annulment of the sale to it and against defendant Glynn for a cancelation of stock wrongfully issued. Varying forms of relief against different defendants, particularly where, as in this case, one is incidental to and possibly preliminary to the other, characterize equitable procedure, particularly in its operation on corporations and the rights of their stockholders. Compare Palmer v. Tyler, 15 Minn. 81 (106), where, a ground of demurrer being that a cause of action was asserted against one defendant with which other defendants had nothing to do, the objection was disposed of finally upon the ground that the object of the action was single and to bring about a final settlement of the business of a partnership; Jones v. Morrison, 31 Minn. 140, 145, 16 N. W. 854, where, as here, "the general subject affected by the various acts is the same, to-wit, the rights and interests of plaintiff as a stockholder in the corporation;" North v. Bradway, 9 Minn. 169 (183), referred to in State ex rel. Brooks-Scanlon Lbr. Co. v. Knife Falls Boom Corp. 96 Minn. 194, 199, 104 N. W. 817, as "the original and leading case in this state on the subject of what does and what does not constitute an improper joinder of action in an equity bill."

In Oyster v. Iola Min. Co. 140 N. C. 135, 52 So. 198, the complaint charged that a defendant, with the consent of a corporation, his codefendant, had converted the corporation and all of its property in fraud of the stockholders. The one general object was to recover property belonging to the plaintiff which the two defendants had confederated to destroy. In consequence a demurrer for misjoinder of parties and causes of action was held properly overruled. The general rule was stated as follows: "Where a general right is claimed, arising out of a series of transactions tending to one end, the plaintiff may join several causes of action against defendants who have distinct and separate interests, in order to a conclusion of the whole matter in one suit."

In the instant case the complaint makes it appear plainly that the illegal issue of stock to Glynn and the sale to the Northland company were "a series of transactions tending to one end," which was the unlawful disposition of the business and property of the

Eagle company. So also in Northwestern Land Assn. v. Grady, 137 Ala. 219, 33 So. 874, it was held that there was no misjoinder in a bill filed by a stockholder which averred that through a scheme and conspiracy on the part of the managing officers of the corporation, participated in by other defendants, the corporation property had been wasted and lost to the corporation and its stockholders.

Order reversed.