28 So.2d 789

### GAINES v. STEVENS.

#### 4 Div. 413.

Supreme Court of Alabama.

Dec. 12, 1946.

Rehearing Denied Jan. 16, 1947.

L. A. Farmer, of Dothan, for appellant.

Merrill & Harrison, of Dothan, for appellee.

SIMPSON, Justice.

The case is here on appeal from a decree overruling demurrer to the bill as last amended.

One ground of demurrer presented for consideration on this review challenged the bill as multifarious.

The over-all purpose of the bill was to require an accounting and discovery of F. M. Gaines, one of the defendants, to ascertain the amount of money due by him to the estate of the plaintiff's testator, J. M. Stevens, and to subject the discovered assets to the payment of the debt.

The bill alleges that Gaines was so indebted by reason of a money-lending business which he had transacted through the years for the testator in his lifetime, and it is charged that the defendant Gaines had handled all of this business for testator as his trusted agent and attorney, and that defendant had breached his trust and converted some of the assets and properties of said business to his own use and name, and had diverted other of the properties through fraudulent mortgage foreclosures and transfers to his wife, his son, and the Dothan Abstract Company, which he owned and operated. These last named were also made defendants and discovery and accounting against them was also asked. The First National Bank of Dothan, Dothan Guano Company and Earl F. Moody were averred to be respective owners of first mortgage liens on some of Gaines' property, but it was alleged that the true amount due on said mortgages was not reflected by the records in the probate office and these parties were also made defendants for the purpose of ascertaining the amount of these liens, and to subject the remaining equities in the properties to the payment of the plaintiff's demand, when the amount had been determined by the court.

■ It is clear to us the bill was not objectionable as multifarious. The single object was to enforce collection from the fiduciary Gaines of the amount of the convert-ed assets after discovering them and after an accounting had fixed the sum due. The other matters sought were incidental to this main equity, and were properly included in the case to avoid a multiplicity of litigation.

■ Though it is difficult to educe any general rule of law to test the objection, we have given approval to the statement that "Where a complainant has two good causes of action, each furnishing the foundation of a separate suit, one the natural outgrowth of the other or growing out of the same subject-matter, * * * and the suit has a single object, they may be properly joined, and the objection of multifariousness or misjoinder will not be sustained." Singer v. Singer, 165 Ala. 144, 147, 51 So. 755, 576, 29 L.R.A., N.S., 819, 138 Am.St.Rep. 19, 21 Ann.Cas. 1102; Ford v. Borders et al., 200 Ala. 70, 72, 75 So. 398. See also Equity Rule 15, Code 1940, Title 7 Appendix.

■ This seems to sum up the situation here. While separate causes of action might be available against the other named defendants to adjudicate the other issues involved, they all evolve from the main and single issue sought in the ascertainment and collection of the debt alleged to be owing by the main defendant Gaines. There is no repugnancy and no mixing of incongruous subjects which the courts customarily condemn as rendering a bill multifarious, and we think the issues brought in for determination were properly joined in the one suit.

■ Since every case must be governed by its own peculiar facts, and the question is in the main left to the sound discretion of the court, we will not burden the opinion with more elaboration. The following cases are somewhat analogous, and will serve to illustrate the principle. Webb et al. v. Butler et al., 192 Ala. 287, 68 So. 369, Ann. Cas.1916D, 815; City of Carbon Hill et al. v. Merchants Bank & Trust Co., 237 Ala. 55, 185 So. 387; Guyton v. Terrell, 132 Ala. 66, 31 So. 83; Henderson et al. v. Farley National Bank, 123 Ala. 547, 26 So. 226, 82 Am.St.Rep. 140; Hill Bros. et al. v. Moone, 104 Ala. 353, 16 So. 67.

Appellant has complained on rehearing that our original opinion did not give con-

sideration to the argument that the bill did not properly and without prolixity and repetition set forth a clear and orderly statement of the facts on which•the suit is founded, as is required by Equity Rule 11. He says the bill "is so muddled that it is virtually impossible to segregate the well-pleaded facts for the purpose of determining the issues."

We had thought that what was said above (original opinion) would suffice as an answer to this argument, but in deference to counsel we will extend the opinion and notice this latter contention.

As in the case of multifariousness, whether a bill will be considered defective for prolixity is largely a matter for the discretion of the court to be exercised under the circumstances of each case according to the requirements of convenience and justice to the parties. Though the instant bill could not be considered a model of brevity we are persuaded the trial court properly exercised his discretion in sustaining it against the charge of prolixity.

Nor do we perceive the confusion claimed by appellant by reason of the alternative allegations in the several aspects of the bill. Concededly, equity has jurisdiction to relieve against fraud and to redress for a breach or abuse or betrayal of a duty or obligation arising out of a fiduciary or trust relation. The bill is rested on such an equity. The relief sought, as noted hereinabove, is primarily for a discovery of assets alleged to have been fraudulently converted or concealed and for an accounting by the fiduciary, Gaines, and others alleged to have knowingly aided in concealing such assets to the end that complainant may recover what was due to or owned by the testator. In the nature of the case, the exact character of fraud alleged to have been perpetrated or the nature of the property or assets alleged to have been converted or concealed may be impossible of precise averment and alternative allegations setting forth the claim may be necessary. Likewise, the character of such averments may be such as to call for no more than a general denial of the charges by the defendant but the issue would thus be sufficiently made on which testimony could be taken and a decree rendered.

While loosely stated, in essence, the alternative averments of the bill seem to be but various statements of the fraud claimed to have been transacted by said Gaines and are much the same as in the case of Leonard v. B. F. Roden Grocery Co., 183 Ala. 578, 581, 62 So. 782, 783, where it was pointed out: "Several theories * * *, each clearly indicative of fraud, are charged in the alternative; but these are mere specifications of the evidence in support of the charge, and, however numerous and inconsistent they may be, their alternative averment is proper, and in no sense does this destroy the singleness of the bill or render it self-repugnant. Rives v. Walthall's Ex'rs, 38 Ala. 329; Lehman v. Meyer, 67 Ala. 396; Ward v. Patton, 75 Ala. 207; Meyers v. Martinez, 172 Ala. 641, 55 So. 498."

As regards the grounds of demurrer challenging certain sections of the bill as being indefinite and lacking the requisite certainty in averment, it may be observed that while it is necessary for bills in equity to have such degree of certainty that defendant may be distinctly informed of the nature of the claim made against him and of what he is called on to answer to, the same precision of statement is not generally required in equity, as at law, and the certainty with which averments must be made will depend on the particular case. "The fact that many allegations of the bill are generalities, conclusions, and assertions of belief, and that certain material allegations are on information and belief, does not make the bill demurrable if it also contains sufficient distinct charges and material allegations well pleaded." 30 C.J.S., Equity, § 218, p. 674.

We find an analogy in the case of Williams v. Spragins et al., 102 Ala. 424, 430, 15 So. 247, 249, where in discussing the allegational requirements in cases of fraud, it was observed: "The test of the sufficiency of such averments is, not whether they might not have been more direct and full in the statement of facts out of which the conclusion of fraud arises, for these are not required to be minutely alleged; but, whether they are sufficient to notify the defendants that the bona fides of the transactions are assailed, and to put in issue their validity. General averments of facts,

from which, unexplained, a conclusion of fraud arises, are sufficient. Pickett v. Pipkin, 64 Ala. 520; Burford v. Steele, 80 Ala. [147], 148; Pollak v. Searcy, 84 Ala. [259], 262, 4 So. 137."

We think the trial court ruled correctly in overruling the demurrer. The decree should be affirmed.

Affirmed.

Opinion corrected and extended and application for rehearing overruled.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.