| 86 | 199 |
| 93 | 574 |
| 86 | 199 |
| 94 | 318 |
| 86 | 199 |
| 109 | 440 |

# Hambrick *v.* Russell.

*Bill in Equity for Foreclosure of Mortgage.*

1. *Parties to bill.*—The trustee in a mortgage, in whom the legal title is vested, is a necessary party to a bill for foreclosure, filed by an assignee of the mortgage debt; and the failure to make him a party will work a reversal of the decree, although the objection was not raised in the court below.

2. *Same.*—In a suit for the foreclosure of a mortgage, the only proper parties are the mortgagor, the mortgagee, and those who have acquired any interest under them subsequent to the mortgage; and if a person is brought in as a defendant, who asserts a legal title prior to the date of the mortgage, whether under the mortgagor or a stranger, the court having no jurisdiction to adjudicate conflicting legal titles, the joinder is fatal to relief, without formal objection.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 8th March, 1886, by Martha T. Russell and Mary A. Walker, against Bradford Hambrick and wife, and Joseph M. Hambrick; and sought the foreclosure of a mortgage on a tract of land. The mortgage, a copy of which was made an exhibit to the bill, was dated February 7th, 1881, and was given by said Bradford Hambrick (his wife also joining with him) to George M. Harris, "agent of Mrs. Missouri McCalley," to secure the payment of a promissory note for $1,655, of even date with the mortgage, and payable twelve months after date to said Harris, with the addition of the same words. According to the allegations of the bill, the note was given for borrowed money, which belonged to Mrs. McCalley, and which was lent out by said Harris as her agent. Mrs. McCalley died in August, 1881, having made and published her last will and testament, appointing Miss Martha T. Russell executrix,

and making her principal devisee and legatee; and letters of administration with the will annexed were granted to her. Harris, on settlement of his agency with said administratrix, "assigned and transferred said debt and mortgage to her, in discharge of his liability for that amount." On the 21st February, 1884, on final settlement of her administration, "the same was, by the decree of the Probate Court, decreed and distributed to her as sole legatee and devisee under said will; and she has since assigned said debt and mortgage to Mary A. Walker, her co-complainant, as collateral security for a debt of larger amount." Bradford Hambrick acquired title to the land under a deed of conveyance from Alfred Hambrick, his brother, which was dated April 29th, 1877, which recited the payment of $5,000.00 as its consideration. Joseph M. Hambrick was a son of Alfred Hambrick, and claimed, as the bill alleged, "some right, title, or interest in said land, under what purports to be a deed of conveyance executed to him by said Alfred Hambrick, of date September, 1865." The bill alleged that this instrument, if ever executed at all, was never recorded; that neither said Harris nor complainants ever had any notice of it, and that Alfred Hambrick continued in possession of the land up to the 29th April, 1877, the date of his conveyance to Bradford Hambrick. On these allegations, the bill prayed an account, a decree of foreclosure and sale, and general relief; but prayed no relief against Joseph M. Hambrick.

An answer was filed by Bradford Hambrick and wife, admitting the execution of the mortgage, requiring proof of the amount due, but making no other defense. An answer was also filed by Joseph M. Hambrick, asserting the validity of his own conveyance from Alfred Hambrick, assailing the validity of the conveyance by Alfred to Bradford Hambrick, and denying that the complainants were entitled to protection against his unrecorded deed, as *bona fide* purchasers without notice.

On final hearing, on pleadings and proof, the chancellor held the complainants entitled to relief, and rendered a decree of foreclosure and sale in the usual form. Joseph M. Hambrick appeals from this decree, and here assigns it as error. Bradford Hambrick and wife do not join in the assignments of error.

R. C. BRICKELL, with HUMES, WALKER, SHEFFEY & GORDON, for appellant.—Harris, as the holder of the legal

[Hambrick v. Russell.]

title to the land, was an indispensable party to the bill. Story's Eq. Pl., §§ 153, 209; 1 Dan'l. Ch. Pr. 198; 3 Brick. Digest, 369, § 20; 2 Jones on Mortgages, § 1384; *Prout v. Hoge*, 57 Ala. 28; *Denby v. Mellgrew*, 58 Ala. 147. It was not necessary to raise this objection in the court below. *McMaken v. McMaken*, 18 Ala. 576; *Woodward v. Wood*, 19 Ala. 213; 3 Brick. Digest, 373, § 98. The court had no jurisdiction to adjudicate the adverse claim of Joseph M. Hambrick.—*Randle v. Boyd*, 73 Ala. 282; 4 Jones' Eq. 174; 2 Jones on Mortgages, § 1440; *Lockard v. Lockard*, 16 Ala. 423; *Freeman v. McBroom*, 11 Ala. 943; *Lewis v. Cocke*, 23 Wall. 466; *Hipp v. Babin*, 19 How. 278.

CABANISS & WARD, *contra*, cited *Tubb v. Fort*, 58 Ala. 283; 2 Brick. Digest, 780, § 96:

SOMERVILLE, J.—The decree, which is for the foreclosure of a mortgage, must be reversed for failure to make the mortgagee, Harris, a party to the foreclosure suit, he being the trustee in the mortgage, and as such the holder of the legal title. In such cases, the trustee, in whom the legal title is vested, is an indispensable party, without whose presence the court will not proceed to a decree; and the objection is available at any time, and in any form.—*Comer v. Bray*, 83 Ala. 217; *Prout v. Hoge*, 57 Ala. 28; *Lawson v. Ala. Warehouse Co.*, 73 Ala. 290.

We might reverse the decree in this case, and have nothing further to add, as the testimony on another trial may be different from that in the present record. But, to prevent a second appeal, we proceed to consider some other points raised in the argument.

The main point of controversy in the case is one as to the relative priority of titles acquired by the trustee (Harris) under the mortgage from Bradford Hambrick, on February 7th, 1881, and that acquired by Joseph M. Hambrick, by his deed of September 9, 1865, from Alfred Hambrick, through whom both parties claim title.

It is contended for complainant, that Harris was a *bona fide* purchaser of the legal title, for value, and without notice, and should on this ground be protected. The basis of this claim is, that the deed of Joseph Hambrick, whatever interest it created in him, was not recorded at the time the mortgage to Harris was executed, and that neither he, nor the mortgagor, Bradford Hambrick, had any notice or

[Beard v. Horton.]

knowledge of its existence. This question we need not decide. As we have said, the whole case is a controversy as to the priority of *legal* titles, at least according to the averments of the bill.—*Lehman v. Shook*, 69 Ala. 486; Code, 1886, §§ 1810, 1811. And a court of equity has no jurisdiction to try the relative merits of legal titles held by adverse litigants in such a suit. Any holder of such a title,. when brought in dispute, has a constitutional right to have its validity tried by a jury in an action of ejectment; and a court of law will furnish adequate remedy for testing the relative superiority of the claimants' respective titles. In a bill to foreclose a mortgage, the only proper parties are the mortgagor and the mortgagee, and those who have acquired any interests from them *subsequent* to the mortgage. One who claims title from a stranger, or even from the mortgagor, *anterior* to the date of the mortgage, should not be brought in as a party defendant. This point was directly decided in *Randle v. Boyd*, 73 Ala. 282; and has been several times since re-affirmed.—*McHan v. Ordway*, 82 Ala. 463; *Lyon v. Powell*, 78 Ala. 351.

The objection is not one of multifariousness, but of jurisdiction as to the subject-matter, and may be raised at any time, or enforced by the court *sua sponte*, without formal suggestion.—*Lewis v. Cocke*, 23 Wall. 466; *Hipp v. Babin*, 19 How. (U. S.) 278.

Reversed and remanded.