# Green & Gay, *et al. v.* Wright, Williams & Wadley, *et al.*

*Bill to Subject Property Fraudulently Conveyed.*

(Decided April 15, 1909. 49 South. 320.)

*Action; Misjoinder of Causes.*—A creditor cannot in the same suit seek relief under section 3739, Code 1907, and in the same bill seek to have advantage of section 4295, since under the first statute, the prayer is to declare void and set aside the conveyance and treat the property as that of the debtor, while under the other section, the prayer is to declare the sale valid, and the property to be that of all the creditors.

APPEAL from Clay County Court.
Heard before Hon. W. J. PEARCE.

[Green & Gay, et al. v. Wright, Williams & Wadley, et al.]

Suit by Wright, Williams & Wadley and others, cred itors of W. J. Skinner, against Green & Gay and others. From a decree overruling a demurrer to the bill, defendants appeal. Reversed and remanded.

WHATLEY & CORNELIUS, for appellant.—The bill seeks relief under two aspects, and cannot be maintained in the present attitude. The demurrers raising these questions should have been sustained.

WALTER S. SMITH, for appellee.—Counsel cite a number of cases relative to suits by creditor, and insist that under these cases, the demurrers were properly overruled.

MAYFIELD, J.—The bill in this case was confessedly filed under two sections of the Code of 1907, namely, sections 3739 and 4295. The one authorizes a creditor, without a lien or judgment, to file his bill to discover and to subject property fraudulently conveyed or transferred by the debtor, in the same manner as a creditor with a judgment or lien could do, without the statute. The other statute was intended merely to blot out or prevent intended preferences or privities between creditors by contracts of sale, and contracts of securities between the debtor and a part of his creditors, to the exclusion of the others.

To be within the statute, it must be a sale or security of practically all the debtor's property which is subject to execution or to the claims of his creditors, and must be in payment or security of a pre-existing debt. A sale or security of a small part only of the property of the debtor, to one or more of his creditors, is not within the statute, nor is a sale or security of all of it for "a new and present consideration" within the statute. It is

likewise true that a fraudulent sale—that is, one fraudulent to the extent of rendering the transaction void—is not within this statute. The statute upholds the sale or security and does not strike it down, but declares it a trust fund, for the benefit of all the creditors, and not merely of those intended or named in the contract. Contracts, within the statute, are treated as if the statute were written into the contract of sale or security. The vendee, mortgagee, or lienee, or pledgee, is treated as a trustee for all the creditors, instead of for only those named in the contract. He must account to each for his pro rata part of the trust funds, after paying the legitimate expenses of administering the trust. If the trust is declared and enforced by a bill in and through the chancery courts, the trust estate, of course, must pay the legitimate costs and expenses thereof, as if it were in fact as well as in law a general assignment; and this may include reasonable attorney's fees necessary to declare and enforce the trust. It is not paid by the debtor or trustee except out of the trust estate. Consequently bills under the two statutes are entirely different, if not diametrically opposite, so far as setting aside the sale or contract of the debtor is concerned. In the one case it is to declare it void and set it aside, and treat the property as that of the debtor—as if there had been no sale or other contract concerning it. The other is to declare it valid, and to declare the property to be that of all the creditors.

The statute is read into the contract, in law forming a part of it, though in fact it is not. The court then declares it trust property and enforces the trust. Under the first statute the property is not declared trust property in the sense in which it is in the latter, but is declared to be that of the defendant and liable to his creditors, and in this particular case the simple contract

[Green & Gay, et al. v. Wright, Williams & Wadley, et al.]

creditor may obtain a judgment against the debtor in the chancery court, without a jury; and, as this court has said, not without doubt, the debtor is not thereby deprived of his constitutional guaranty of a jury trial. In this case the debtor is no more liable to the creditors for attorney's fees than if they had sued him in a law court and sold his property under attachment or execution. It therefore follows that a creditor cannot, in one bill, seek relief under both statutes. The allegations of his bill, if sufficient under both, are necessarily inconsistent; and the prayer thereof, if predicated upon both statutes, must be incompatible and contradictory. See citations of cases under sections 4259 and 3739, Code. It is doubtful if a bill prosecuted to a decree, under one, would not be a bar to a subsequent bill as to the same subject-matter, the same transaction, and between the same parties, filed under the other statute. The one would probably amount to an estoppel as to the other. However, as to this we do not decide, because not ncesesary to a decision in this cause; but we mention it, in passing, that it may be considered in the further conduct of this litigation.

It therefore follows that the demurrer to the bill, upon this ground, should have been sustained. The question as to attorney's fees cannot be passed upon until the complainant has determined under which statute he will proceed.

The decree is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.