# Smith *v.* Young.

*Bill to Set Aside Conveyance as Fraudulent and Void.*

(Decided May 11, 1911.   55 South. 425.)

1. *Assignments; Benefit of Creditor; What Constitutes.*—Under section 4295, Code 1907, the word "creditor" is used in its broad and general sense, and includes a surety who has not paid the debt; hence a conveyance by the debtor of substantially all of his property to the surety in consideration that the surety would pay the debt was a general assignment for the benefit of all the creditors.

2. *Principal and Surety; Right of Surety; Accrual of Action.*—A surety cannot maintain an action against his principal on a liability created by his suretyship until he has paid part or all of the debt, the right of action not accruing until such payment.

3. *Fraudulent Conveyance; Creditor; Surety as Creditor.*—A surety is a creditor within the provisions of section 4295, Code 1907, from the inception of his contingent liability, and after he has paid the debt he may maintain a creditor's bill against his principal and other creditors to set aside a conveyance as fraudulent, made while the liability was contingent, or to have such conveyances declared a general assignment.

4. *Equity; Bill; Multifariousness.*—Under section 3095, Code 1907, a bill to have an assignment of substantially all a debtor's property to his surety in consideration that the surety would pay the debt, declared a general assignment for the benefit of all the creditors, or an alternative that it be declared fraudulent as to such creditors, was not multifariousness.

APPEAL from Anniston City Court.

Heard before Hon. THOS. W. COLEMAN, JR.

A bill by C. H. Young as trustee in bankruptcy of R. P. Thomason against J. F. Smith to declare a conveyance a general assignment, or as a fraud on creditors.

WILLETT & WILLETT for appellant. Section 4295 Code 1907, is in derogation of the common law and must be strictly construed, for at the common law a debtor had the unquestioned right to prefer one or more of his creditors by a sale of even all of his property in payment of a prior debt.—*Inman v. Sloss,* 122 Ala. 461; *Sheally v. Edwards,* 75 Ala. 418; *Webb v. Mullen,* 78 Ala. 111; 2 Lewis Sutherland Stat. Cons. 573; *Cook v. Meyer Bros.,* 73 Ala. 590. Under this rule of construction section 4295 takes away the common law right of preference, and must be strictly construed and its terms and provisions must not be enlarged by intendment or construction.—*Murphy v. Bank of Mobile,* 5 Ala. 421, and 465; *Nations v. Roberts,* 20 Ala. 543; *Danner v. Brewer,* 69 Ala. 191; *Cook v. Meyer Bros., supra; Lanier v. Youngblood,* 73 Ala. 587. Smith was not a creditor of Thomason under section 4295. 55 Minn. 130; 43 Ill. App. 424. Words and phrases. A surety is not a creditor of the principal until the debt or part of it is paid by him.—*Foster v. Trustees,* 3 Ala. 302; *Martin v. Ellerbee,* 70 Ala. 326; *Lane v. Westmoreland,* 79 Ala. 372; *Smith v. McCadden,* 138 Ala. 284; Norton on Bills and Notes, 173. He could not have set off the debt from Thomason to him because he had not paid it to Cooper.—*Stallworth v. Pressler,* 34 Ala. 505; *Tyree v. Parham,* 66 Ala. 424. It would not have been subject to garnishment.—*White v. Hobart,* 90 Ala. 368; *Askew v. Hale Co.,* 54 Ala. 639. If the conveyance is an assignment inuring to the benefit of creditors, Smith's claim would not be provable.—*Danner v. Brewer, supra; M. & F. Bank v. Paulk,* 124 Ala. 591; 3 A. & C. Encyc. Law, 139; 23 S. E. 947; 144 S. C. 406. The bill was multifarious.—*Henry v. Tenn. L. S. Co.,* 164 Ala. 376.

KNOX, ACKER, DIXON & BLACKMON, and Blackwell & Agee for appellee. A surety is a creditor within the meaning of section 4295 Code 1907.—*Smith v. McCadden*, 138 Ala. 284; *Smith et als., v. Pitts*, 52 South. 402; *Watts v. Eufaula Nat. Bank*, 76 Ala. 474; *White v. State*, 134 Ala. 197; *Bibb v. Freeman*, 59 Ala. 612; *Gannard v. Eslaba*, 20 Ala. 732; *Keel v. Larkin*, 72 Ala. 493. The bill was not multifarious.

MAYFIELD, J.—This appeal presents two questions only for the decision of this court—one, a question of chancery pleading. The one of law is this: Is a conveyance by a debtor of substantially all his property to his surety, in consideration that the surety will pay the debt owing to one creditor for which the guarantee is surety, a general assignment within the meaning and operation of section 4295 of the Code of 1907? The question of pleading is this: Is a bill of equity multifarious which seeks in the alternative to declare a given conveyance a general assignment for the benefit of all the grantor's creditors; and, if not, then to declare it fraudulent as to such creditors? Under our existing statutes we are constrained to answer both of these questions as did the chancellor—that is, the first, in the affirmative; the latter, in the negative.

Section 4295 of the Code, which is most material to the first question, is as follows: "Every general assignment made by a debtor, 'or a conveyance by a debtor, of substantially all of his property subject to execution in payment of a prior debt; by which a preference or priority of payment is given to one or more creditors, over the remaining creditors of the grantor, shall be and inure to the benefit of all the creditors of the grantor equally.' * * * A general assignment within the meaning of this section shall include, in addition to the

conveyances now defined as such by law, every judg-
ment confessed, attachment procured by a debtor, or
other disposition of property by which a debtor conveys
all or substantially all of his property subject to execu-
tion, in payment of, or as the security for a prior debt,
or charges such property with the payment of such
debt." This statute first appeared as section 1556 of
the Code of 1852. It there read like the first sentence,
with the omission of that part above indicated by sin-
gle quotation marks. It has reappeared in all subse-
quent Codes, each time with amendments added to it
by acts of the Legislature, code commissioners, or code
committees. It has been three times, if not oftener,
amended by special acts of the Legislature—that of
February 23, 1883 (page 189), February 21, 1893 (page
1046), and February 16, 1897 (page 1089). Each
amendment has evidently been for the purpose, with
the effect, to extend the scope and provisions of the act,
to include additional conveyances and transactions not
heretofore included. This statute in all its stages of
evolution has been many times construed, and these
constructions are uniform from the first, that of *Holt
et al. v. Bancroft, et al.,* 30 Ala. 193, to this, the last,
to the effect that the statute was to prohibit all dis-
criminaion by a debtor, if he made a general assign-
ment of all his property. "It does not aim to deny,
and does not deny, to a debtor the power of securing a
creditor's debt by a conveyance of a part of his prop-
erty. The right of preferring creditors by partial as-
signments is untouched by the section of the Code quot-
ed. It is not the preference of itself, but the preference
as a feature of a general assignment, which the statute
condemns." "Neither an evasion nor a direct violation
of the statute prohibiting preference in general assign-
ments can render absolutely void the deed or deeds by

which the preference is attempted to be given, because the statute itself prescribes the effect of its violation. The assignment 'shall be and inure to the benefit of all the creditors of the grantor equally.' Visiting, therefore, the act of evading the statute with the consequences of a direct violation, we can only annul the preference, and place the beneficiary of the first deed on a footing with the other creditors."

In this first case the statute was held to apply to a conveyance of a part only of the debtor's property, on the ground that he contemplated a general assignment at the time he conveyed, and did subsequently make the general assignment, and that the first was only a part of the general assignment. This court has uniformly held that a surety is a creditor of his principal from the inception of the contingent liability; that he is a creditor in such sense that he may maintain a creditor's bill against his principal as to fraudulent conveyances of the principal's property with intent to defraud creditors, one of whom is the surety.—*Smith v. Pitts,* 167 Ala. 461, 52 South. 403; *Keel v. Larkin,* 72 Ala. 493, 500. If the surety can file a creditor's bill against the principal and other creditors to set aside a conveyance made by his principal either as fraudulent or as a general assignment, while his liability is only contingent, we can see no reason why other creditors cannot file such a bill against him, when he is the grantee of the fraudulent conveyance, or when it is a general assignment, as in this case, and the one to be held as a trustee. In fact, a number of such bills have been filed, and in each case was held to have been properly filed. Such were the causes of *Watts v. Eufaula Bank,* 76 Ala. 474, and *Crawford v. Kirksey,* 50 Ala. 590. In the case of *Smith v. McCadden,* 138 Ala. 284, 36 South. 376, the transaction assailed was removed one degree further from the

[Smith v. Young.]

letter of the statute, in that the conveyance by the debtor in that case was made to a third party, in consideration that he would mortgage or convey it to the surety for the purpose of paying the debt for which the principal debtor and surety were both liable; whereas, in this case, there is only one conveyance, and that is directly to the surety by the principal in consideration that the surety would pay the debt for which both were liable—the one as principal and the other as surety. The transaction in neither case—that of *Smith v. McCadden,* and the one at bar—would have been different in effect or in a court of equity if the conveyance had been made directly by the principal debtor to the preferred creditor. The third party and the surety are only made conduits through and by which the debtor passes all of his property to one preferred creditor; and it is this and this only that the statute was intended to prevent. It is true that the writer of the opinion in the case of *Smith v. McCadden* did not concur in the conclusion reached by the majority of the court, and he wrote a very strong argument to the proposition that a surety was not a creditor within the meaning of the statute now under consideration, and counsel for the appellant here makes a strong and persuasive argument to the same effect; but this does not convince us that it is unanswerable, and more especially in view of the fact that the statute has been so often re-enacted with a construction upon it different from that contended for. It is argued that as the surety could not, at the time the conveyance was made, sue the principal in assumpsit on the contingent liability, and could not have pleaded it as a set-off if sued by the principal, and that as the principal could not have been garnisheed as to such liability, and that, if a general assignment had been made by the principal, he would not have shared in the

distribution of the trust fund, that these facts are conclusive to the effect that the surety is not a creditor of his principal within the meaning of the statute, and that the conveyance to him in question was not within the statute as to general assignments. The answer to this contention is that the words, "creditor" and "debtor" each has a general and specific definition—a broad and a narrow signification. The words as used in the statute should have their general and broad meaning, and not be restricted to specific meaning which appellant would have us accord to them.

Although a surety cannot maintain an action against his principal on the liability created by the suretyship, until such surety has paid the debt or a part thereof, it is because the right of action does not come into existence until such payment, and not because the relation of debtor and creditor did not theretofore exist. The same thing is true as to the creditor or payee of a note signed by the principal and surety. The payee cannot sue the principal or the surety until the note is due, yet the relation of debtor and creditor certainly exists from the making of the note. While a surety probably could not file a creditor's bill as to conveyances by his principal until he had paid the surety debt, yet he is a creditor within the protection of the statutes from the inception of his contingent liability; and, after he has paid the surety debt, he may maintain his creditor's bill against the principal and other creditors to set aside fraudulent conveyances made while the liability of the surety was contingent, or to have them declared general assignments. As before said, if he can maintain such bills against other creditors, surely the other creditors ought to be able to maintain them against him, if he happens to be the one preferred or benefited by the transaction. If the debtor in this case

had conveyed all of his property to one of these complainants in payment of his debt, then certainly appellant Smith could have paid the debt and have maintained this identical bill against such grantee. The fact that his right of action does not accrue until he pays the debt does not prevent his being a creditor within the statute as to fraudulent conveyances or general assignments. If protected by the statute, it is but equitable that he be subject to it. If he receives the benefits conferred, he ought to bear the burdens imposed.

To the second question, the one of procedure, whether a creditor's bill can be filed in the alternative—in one aspect assailing a conveyance as fraudulent, and, in another, asserting its validity, and that it was a general assignment—it was at first held that such a bill could be maintained— (*Crawford v. Kirksey*, 50 Ala. 590), but that case was subsequently overruled in the case of *Lehman v. Meyer*, 67 Ala. 397, and the decision has been often reaffirmed down to the case of *Green & Gray v. Wright et al.*, 160 Ala. 476, 49 South. 320. Since the bills were filed in these last cases, but before the filing of the bill in the case under consideration, the statutes as to chancery pleading and practice have undergone changes more or less radical by the adoption of the Code of 1907. The one as to multifariousness now reads: "Unless taken by demurrer, objection to a bill because of multifariousness must not be entertained. A bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter or founded on the same contract or transaction, or relating to the same property between the same parties." Section 3095. The effect of this statute was to allow a bill like this to be filed, which seeks alternative reliefs, though inconsistent, if they be founded upon the same transaction and grow out of the same subject-matter, and are

contested between the same parties. The statute therefore restores the rule to this effect, as first announced in the case of *Crawford v. Kirksey, supra.* No error appearing, the decree of the lower court is affirmed.
. Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.