(76 South. 30)

HARD et al. v. AMERICAN TRUST & SAVINGS BANK. (6 Div. 487.)

(Supreme Court of Alabama. May 17, 1917.)

1. EQUITY ⬤▬148(3)—PLEADING—MULTIFARIOUSNESS.

Code 1907, § 3095, provides that, unless taken by demurrer, objection to a bill because of multifariousness must not be entertained, and that a bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter or founded on the same contract or transaction, or relating to the same property between the same parties. Section

3740 provides for discovery supplemental to execution. Section 4293 provides that all conveyances of any estate or interest in real or personal property, and every charge upon the same, made with intent to hinder, delay, or defraud creditors, purchasers, or other persons of their lawful suits, damages, forfeitures, debts, or demands against the persons who are or may be so hindered, delayed, or defrauded, their heirs, personal representatives, and assigns, are void. Section 4295 provides that every general assignment made by a debtor, or a conveyance by a debtor, of substantially all of his property subject to execution in payment of a prior debt, by which a preference or priority of payment is given to one or more creditors over the remaining creditors of the grantor, shall be and inure to the benefit of all the creditors of the grantor equally. *Held*, that a bill is not multifarious in seeking discovery of alleged concealed assets, in seeking decree that debtors made a fraudulent transfer of property, and in seeking relief on the theory that the debtors have made a transfer or conveyance of all of their property, which act, under the statute, the creditor would have adjudged a general assignment for the benefit of all creditors.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 356.]

2. HUSBAND AND WIFE ⬤▬232(1)—WIFE AS HUSBAND'S SURETY—BURDEN OF PROOF.

Unless the instrument itself affirmatively discloses her relation of suretyship for her husband's debt, the burden of proof is on the wife to show that relation to avoid liability under Code, § 4497.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 844, 981.]

Appeal from Chancery Court, Jefferson County; A. H. Benners, Chancellor.

Bill by the American Trust & Savings Bank against James H. Hard and others. From adverse rulings on their demurrers to the bill, respondents appeal. Affirmed.

Huey & Welch, of Bessemer, for appellants. E. N. Hamill, of Birmingham, for appellee.

McCLELLAN, J. The appeal is by respondents from adverse rulings on their demurrers to the bill, original and as amended. The consideration here is necessarily confined to the matter presented by the appeal. This bill is filed by the appellee as a simple contract creditor of the appellants James H. Hard and Annie G. Hard, his wife. Along with these two respondents Herbert G. Hard, their son, is brought in as a party respondent: So on the theory that the son is the grantee in a conveyance by his parents, that is voidable at appellee's election, because infractive of the appellee's rights as creditor of the grantors therein. McCurdy v. Kenan, 178 Ala. 345, 59 South. 489; McCurdy v. Kenan, 185 Ala. 183, 186, 64 South. 578. In one of its major features the bill effectually invokes the creditor's remedy for discovery of assets of his debtor provided by Code, § 3740. Pollak v. Billing, 131 Ala. 519, 526, 527, 32 South. 639.

It is insisted for the appellants that the bill is rendered multifarious because: (a) It seeks a discovery of assets which it is averred the debtors are concealing: (b) It seeks

---

⬤▬For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the pronouncement that the debtors have made a conveyance of property in fraud of creditors, of whom appellee is one: (c) It seeks relief as upon the theory that the debtors have made a transfer or conveyance of all of their property, which act, under the statute, the creditor would have adjudged a general assignment for the benefit of all creditors.

[1] There is unity in the right the complainant would assert and have enforced. A bill is not rendered multifarious by the fact that it seeks alternatively the relief desired under the phases of the bill which, for convenience, we have indicated above by the letters b and c. Smith v. Young, 173 Ala. 190, 55 South. 425, giving appropriate effect to the provisions of Code, § 3095. There is no inharmony, no introduction of distinct, independent matters for adjudication wrought by the assertion in a bill of the matters justified by Code, §§ 3740, 4293, 4295. The declaration and effectuation of the creditor's right to have his debt discharged out of the debtor's property and to pursue and subject the debtor's property thereunto by avoiding conveyances or transfers invalidly made or to have a transfer of substantially all of the debtor's property pronounced a general assignment under the statute (Code, § 4295) are all directly referable to, and immediately connected with, the creditor's right to have his demand satisfied out of his debtor's property. The fact that some of the respondents have no interest in or concern with all of the subjects of inquiry instituted by a bill in equity did not render the bill multifarious even before the enactment of Code, § 3095. Truss v. Miller, 116 Ala. 494, 505, 22 South. 863; Ellis v. Vandegrift, 173 Ala. 142, 55 South. 781; Kingsbury v. Flowers, 65 Ala. 479, 483, 39 Am. Rep. 14. It is hardly necessary to state that the bill, originally and as amended, bears the allegation that Herbert G. Hard was a creditor of his grantors, this conclusion being predicated of the alternative averment that the consideration for the conveyance to him was "a past-due debt," thus affording the basis, essential under the statute (Code, § 4295) for an appeal thereto through the phrase of the bill that would have the conveyance or transfer declared a general assignment. It appears from the averments of the amended bill that the complainant (a banking corporation) in 1912 bought outright or through discount from Hard & Co., for value and before maturity, and without notice of any infirmities, promissory notes jointly executed by James H. and Annie G. Hard to their own order and indorsed by them and the copartnership consisting of two daughters of James H. and Annie G. Hard, and L. G. Smith, that these notes were payable at the complainant's banking house in Birmingham, and that the notes described in the bill are but renewals and extensions of the notes jointly executed as aforesaid by James H. and Annie G. Hard, the original indebtedness never having been paid and being now unpaid.

[2] It is insisted for appellants that the present effort is to hold Annie G. Hard to liability as a surety for the debt of her husband in violation of the provisions of Code, § 4497, which provides that "the wife shall not, directly or indirectly, become the surety for the husband." Unless the instrument itself affirmatively discloses her relation of suretyship for her husband's debt, the burden of proof is on the wife to show that relation. Bley v. Lewis, 188 Ala. 535, 541, 542, 66 South. 454. Neither this bill nor the notes described therein disclose a relation of suretyship on the part of Mrs. Hard as to the indebtedness here in question. The demurrers taking that objection to the bill, original or as amended, were without merit. According to the averments of the bill as last amended, the case made was within the doctrine of Scott v. Taul, 115 Ala. 529, 22 South. 447; King v. Bank, 127 Ala. 266, 28 South. 658.

There was no error in overruling the several demurrers.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.