(93 South. 616)

**TOONE et al. v. ROBERTS et al.**
(8 Div. 398.)

(Supreme Court of Alabama. June 29, 1922.)

**1. Equity ⬚150(6)—Bill alleging fraudulent conveyance and joining debtor's grantees held not multifarious.**

A bill to enforce collection of a debt, alleging that debtor had conveyed the property to prevent collection of this debt, and joining grantees as parties respondent, was not multifarious.

**2. Creditors' suit ⬚27 — Debtor's grantees may be joined as parties respondent.**

In a bill to enforce collection of a debt, alleging that debtor had conveyed the property to prevent collection, grantees may be joined as parties respondent.

Appeal from Circuit Court, Limestone County; Robert C. Brickell, Judge.

Bill by W. R. Roberts and another against J. D. Toone and others. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The original bill of complaint was filed against the respondent J. D. Toone to enforce the collection of a balance of $10,000 due to complainants under a contract for the sale and purchase of certain lands, as to which said Toone was in default. Complainants offered to deliver the deed upon payment of the balance due, failing which the prayer was for a sale of the said lands for its satisfaction, with a decree over for any balance remaining. By amendment Mrs. M. J. Toone, T. M. White, and Jack Bledsoe are made parties respondent.

The bill as amended alleges that the appellant J. D. Toone, in the early part of January, moved on the place and took possession of the place; also that the lands have depreciated in value, and that the present valuation is much less than the amount of purchase money due, and that, in case of sale of same, the lands would not bring the purchase money, and that appellees would be entitled to a decree for the deficiency; and prays for such decree.

The bill as amended then shows that the appellant J. D. Toone and his wife, M. J. Toone, conveyed certain land to appellants T. M. White and Jack Bledsoe; that they paid $1,000 of the purchase money, and that $10,000 was unpaid; that thereupon the appellants, in order to prevent complainants from collecting the purchase money, by a scheme entered into by all the appellants on the 12th day of January, 1921, conveyed the land to the appellant Mrs. M. J. Toone, and that the purchase money for such conveyance was the money due the appellant J. D. Toone.

Appellees then pray that J. D. Toone be required to pay the balance of the purchase money, and that the land conveyed to Mrs. M. J. Toone be declared subject to the satisfaction of appellees' debt.

The demurrers of appellants set up that the bill is multifarious, and that the appellants M. J. Toone, T. M. White, and Jack Bledsoe are improperly joined.

The appeal is from a decree overruling the demurrers to the bill as amended.

Walker & Sanders, of Athens, for appellants.

Multifariousness is where a defendant is brought in upon a record with a large portion of which he has no connection, or where complainant demands several different matters of different nature of different defendants by the same bill. 192 Ala. 287, 68 South. 369, Ann. Cas. 1916D, 815; 165 Ala. 189, 51 South. 757; 200 Ala. 70, 75 South. 398; 168 Ala. 398, 53 South. 260; 116 Ala. 495, 22 South. 863; 155 Ala. 659, 47 South. 159.

Horton & Patton and Fred Wall, all of Athens, for appellees.

The bill of a simple contract creditor is not multifarious, which seeks to establish complainant's debt and at the same time seeks to subject property of the defendant which has been fraudulently conveyed; and

---

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the purpose of the bill being single, and for the satisfaction of complainant's claim from the property of the defendant, he has the right to set aside any fraudulent transfers, in order to make such property subject to his claims. 67 Ala. 396; 75 Ala. 348; 200 Ala. 264, 76 South. 30; 84 Ala. 600, 4 South. 725; 80 Ala. 225; 104 Ala. 353, 16 South. 67; 80 Ala. 147.

SOMERVILLE, J. [1, 2] Speaking to the rule against multifariousness, as applied before its liberalization by statute, this court (Hard v. American Trust & Savings Bank, 200 Ala. 264, 76 South. 30) has recently said:

"The declaration and effectuation of the creditor's right to have his debt discharged out of the debtor's property, and to pursue and subject the debtor's property thereunto by avoiding conveyances or transfers invalidly made or to have a transfer of substantially all of the debtor's property pronounced a general assignment under the statute (Code, § 4295), are all directly referable to, and immediately connected with, the creditor's right to have his demand satisfied out of his debtor's property. The fact that some of the respondents have no interest in or concern with all of the subjects of inquiry instituted by a bill in equity did not render the bill multifarious even before the enactment of Code, § 3095."

Many cases might be cited in support of that statement of the law, but a single one, which illustrates it clearly and fully, will here suffice, viz. Lehman et al. v. Meyer et al., 67 Ala. 396. In that case it was distinctly held that in creditors' bills persons holding portions of the debtor's property under separate and independent conveyances may be joined as respondents.

The scope and purpose of this bill, as amended, come clearly within the rule as stated above, and we hold that it is not multifarious, and shows no misjoinder of parties.

The demurrers were therefore properly overruled, and the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.