(95 South. 340)

### WILSON et al. v. FIRST NAT. BANK OF GADSDEN. (7 Div. 364.)

(Supreme Court of Alabama. Feb. 1, 1923.)

1. Equity ⊜150(6)—Creditors' bill, uniting different defendants in two alleged fraudulent conveyances, held not multifarious.

In creditors' bill uniting two different defendants in two alleged fraudulent conveyances, in different transactions, conveying property of grantor, the debtor, where one defendant was grantee in a deed and the other a mortgagee, although there was no averment that these transactions had any connection with each other, the bill was not multifarious, since it averred that each conveyance was made to defraud creditors of grantor, and the object was to pursue and subject his property to payment of complainant's debt.

2. Equity ⊜148(3)—Creditors' bill, seeking alternative relief, held not multifarious.

Under Code 1907, § 3095, providing that a bill is not multifarious which seeks alternative relief or inconsistent relief growing out of the same subject-matter, a judgment creditor's bill is not multifarious when it seeks to have a mortgage decreed void because made to defraud creditors, and also in the alternative to have the mortgage declared a general assignment for creditors of mortgagor, since under sections 4293, 4295, the rights and remedies are kindred.

3. Equity ⊜241—Exhibits attached to bill are part thereof on demurrer.

Exhibits attached to a bill are treated as part thereof on demurrer.

4. Fraudulent conveyances ⊜256—In creditors' bill to declare junior mortgage void, mortgagee under senior mortgage not necessary party.

In a bill to enforce a judgment lien on land to declare a junior mortgage void for fraud or a general assignment for the benefit of creditors, where no final decree would affect the rights of a senior mortgagee, the senior mortgagee was not an indispensable party.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Bill by First National Bank of Gadsden against J. B. Wilson and others. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

Dortch, Allen & Dortch, of Gadsden, for appellants.

A bill of complaint, joining wholly unconnected causes and wholly unconnected parties, is multifarious. 200 Ala. 70, 75 South. 398; 149 Ala. 71, 43 South. 352; 184 Ala. 367, 63 South. 970. The holder of the legal title to the lands in suit should be made a party to the litigation. 57 Ala. 28.

Goodhue & Goodhue, of Gadsden, for appellee.

A bill by a judgment creditor seeking to declare void a deed made by the debtor to his wife and a mortgage by the debtor to a third person, or to have the mortgage declared a general assignment, charging that the same were made to hinder, delay, or defraud creditors, is not multifarious. 207 Ala. 671, 93 South. 616; 200 Ala. 264, 76 South. 30; 67 Ala. 396; 173 Ala. 190, 55 South. 425. A senior mortgagee may in certain cases be a proper party to a suit to foreclose a junior mortgage, but is not a necessary party to such suit. 27 Cyc. 1577.

MILLER, J. This is a bill of complaint, in equity, filed by the First National Bank of Gadsden, Ala., a corporation, against J. B. Wilson, Viola Wilson, and H. D. Sturkie. The bill avers complainant has a judgment against J. B. Wilson for $2,766.32. The bill seeks to have declared null and void a deed made by J. B. Wilson to his wife, Viola Wilson, conveying 80 acres of land to her, and to have the land sold to pay its judgment, on the ground of fraud, that it was made with the intent to hinder, delay, or defraud his creditors, and is without consideration. The bill also seeks to have declared null and void a mortgage on real and personal property executed by J. B. Wilson and his wife, Viola Wilson, to H. D. Sturkie, and the property sold to satisfy the judgment debt of complainant, on the ground it was made with intent to hinder, delay, or defraud the creditors of J. B. Wilson; and the bill also avers this mortgage constituted a general assignment by which J. B. Wilson conveyed substantially all of his property subject to execution, to secure a prior debt by which a preference or priority of payment is given to H. D. Sturkie over the remaining creditors of J. B. Wilson. And the bill seeks in the alternative to have the mortgage declared a general assignment on the part of J. B. Wilson for the benefit of all of his creditors, and that the property in it be sold for their benefit. The debt of complainant was contracted prior to August 23, 1919, it was reduced to judgment on June 5, 1922, and a certificate of the judgment was issued by the clerk and registered by the probate judge on June 6, 1922, as the statute directs. The deed by J. B. Wilson to Viola Wilson was executed August 23, 1919, and the mortgage by J. B. Wilson and Viola Wilson to H. D. Sturkie was

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

executed on January 21, 1922, both were recorded, but the dates of the filing for recordation of these instruments are not given. The defendants separately demurred to the bill of complaint, the court overruled the demurrers, from which decree the defendants appeal, and each assigns that decree as error.

[1] Is this bill of complaint multifarious? True, it unites in one bill two different defendants in two alleged fraudulent conveyances, in different transactions, conveying different property of the grantor, the debtor; one defendant is a grantee in a deed and the other is a grantee in a mortgage. The instruments were executed at different times by the debtor, and there is no averment that these transactions had any connection with each other in intent or fact; still that does not render the bill multifarious, as it avers each conveyance was made with the intent to hinder, delay, or defraud the creditors of the grantor, and the object of the bill is to pursue and subject the grantor's property, conveyed by these separate instruments, to the satisfaction of complainant's debt. A bill with such averments has been held by our court not subject to demurrer for multifariousness or misjoinder of defendants. Hill Bros. v. Moone, 104 Ala. 353, 16 South. 67; Ex. Nat. Bk. v. Stewart, 158 Ala. 218, 224, 48 South. 487; Lehman v. Meyer, 67 Ala. 396; Smith v. Young, 173 Ala. 190, 55 South. 425. This principle is thus clearly stated in 21 Corpus Juris, p. 318, and it is fully sustained by the Alabama authorities there cited:

"A creditor's bill against several defendants to set aside several distinct fraudulent conveyances or mortgages of separate parcels of land is not multifarious, particularly where defendants are alleged to have acted pursuant to a concerted conspiracy or combination; but the rule holds good even where the parties who are joined as defendants acquired different portions of the property under separate and distinct conveyances executed at different times, and there is no allegation that these several sales and conveyances had any actual connection with each other in any way, either in fact or intent."

[2] Section 3095 of the Code of 1907 provides:

"A bill is not multifarious which seeks alternative or inconsistent relief growing out of the same subject-matter."

This bill is not multifarious when it seeks by a judgment creditor to have a mortgage decreed null and void, because made with intent to hinder, delay, or defraud creditors, and also seeks in the alternative to have the mortgage declared a general assignment for the benefit of all creditors of the mortgagor. They are kindred rights and remedies afforded by the statutes (sections 4293 and 4295 of the Code of 1907), to have the judgment of the complainant satisfied out of the property of the debtor. Hard v. Am. Tr. & Savs. Bk., 200 Ala. 264, 76 South. 30.

It is true the bill seeks a sale of the land by deed to Mrs. Wilson, dated August 23, 1919, for the satisfaction of complainant's debt on the ground of fraud, and in the alternative seeks a sale of the land in Sturkie's mortgage, dated January 21, 1922, for the benefit of all creditors, on the ground it is a general assignment of substantially all of his property, etc. Each relief is proper in one bill; each seeks satisfaction of complainant's debt from the property of the debtor. If both should be granted, the court could sell the land in Mrs. Wilson's deed, and if the part of the proceeds going to complainant did not pay in full its judgment, then the unpaid balance of the debt could participate with the creditors in the proceeds of the sale of the land and personal property in the mortgage. This does not render the bill multifarious. Its purpose is single, and its design is to collect a debt out of property of the debtor. They all look to complainant's right to pursue the property of the judgment debtor, for the purpose of subjecting it to the satisfaction of the judgment debt by avoiding a conveyance invalidly made in 1919 on a part of it, and to have a conveyance made later, in 1922, of substantially all of the balance of the debtor's property, pronounced a general assignment. The rights are related, they are closely connected, and they seek the same single result—the satisfaction of the debt of J. B. Wilson to complainant out of his property by declaring void a conveyance of a part of it, and by declaring the conveyance made three years later of substantially all the rest of it a general assignment for the benefit of all his creditors under the statute. Section 4295 of the Code of 1907. Such a bill is not multifarious. Hard v. Am. Tr. & Savs. Bk., 200 Ala. 264, 76 South. 30; Toone v. Roberts, 207 Ala. 671, 93 South. 616.

[3, 4] A copy of this mortgage executed by J. B. Wilson and wife to H. D. Sturkie is attached to the bill, and is made a part of it by averment and reference to it. The exhibit is a part of the bill, and will be so treated on demurrer. Clements v. Clements, 200 Ala. 529, headnote 3, 76 South. 855. It describes and conveys real and personal property. This mortgage contains the following statement:

"The above lands are conveyed subject to a first mortgage held by the Federal Land Bank of New Orleans, which said described property we hereby certify is free from incumbrance, second note on lands."

It is dated January 21, 1922, and this bill was filed July 26, 1922. There is no averment in the bill that this mortgage to the Federal Land Bank has been paid and satisfied.

Under this averment and statement in the

Sturkie mortgage which is made part of the bill, we will presume, prima facie, that the Federal Land Bank's mortgage is still unpaid; nothing appearing in the bill to the contrary. It appears to be the senior mortgage, a prior lien, on the land described in the Wilson mortgage to Sturkie. The Federal Land Bank is not a party to this suit. The appellant insists it is a necessary party, and points it out by demurrer; and the appellee insists it is at most only a proper party. In Cullum v. Batre, 2 Ala. 420, this court wrote:

"It was competent for the complainant, to have proceeded against the mortgagors, without joining, as a defendant, either a prior, or subsequent, incumbrancer. The rights of the former are paramount, and those of the latter will not be concluded, unless he is made a party. The headnote to Judson v. Emanuel, et al., 1 Ala. Rep. N. S. 598, would indicate a different decision; but, in the case itself, the law is laid down as we have stated it."

This was approved in Walker v. Bank of Mobile, 6 Ala. 460, and in Doe ex dem. v. Magee, 8 Ala. 570. Thus it appears in a bill to foreclose a junior mortgage, a senior mortgagee is a proper but not a necessary party to the cause; he may be made a party to it, but he is not an indispensable party, and, if not made a party, his rights will not be concluded by it. In Hambrick v. Russell, 86 Ala. 199, 202, 5 South. 298, 299, the court wrote:

"In a bill to foreclose a mortgage, the only proper parties are the mortgagor and the mortgagee, and those who have acquired any interest from them subsequent to the mortgage. One who claims title from a stranger, or even from the mortgagor, anterior to the date of the mortgage, should not be brought in as a party defendant. This point was directly decided in Randle v. Boyd, 73 Ala. 282; and has been several times since reaffirmed. McHan v. Ordway, 82 Ala. 463; Lyon v. Powell, 78 Ala. 351."

This is not a bill to foreclose a junior mortgage; it is a bill to enforce a judgment lien on land to declare a junior mortgage void for fraud or a general assignment for the benefit of all the creditors of the mortgagor, but the principle above declared applies to this cause. The bill admits there is a senior mortgage on the land, described in the junior mortgage, and the Federal Land Bank is the mortgagee of the senior mortgage. No attack is made in the bill on this mortgage of the Federal Land Bank; it appears to be invalid in no respect. It is admitted in the bill to be a prior subsisting mortgage on the land described in it. No final decree rendered in this cause would affect the rights of the senior mortgagee. This renders the Federal Land Bank, the senior mortgagee, under the averments of the bill, not a necessary, indispensable party to this cause. The grounds

of demurrer raising this question were properly overruled by the court. Hambrick v. Russell, 86 Ala. 199, 5 South. 298; West v. Henry, 185 Ala. 168, headnote 2, 64 South. 75; U. S. Fid. & Guar. Co. v. Singleton, 206 Ala. 437, 90 South. 296; Cullum v. Batre, 2 Ala. 420.

The demurrers of the respondents to the bill of complaint were properly overruled by the court. The decree is free from error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.