139 So. 287

## LAMBERT et al. v. ANDERSON.

### 5 Div. 88.

Supreme Court of Alabama.
Jan. 14, 1932.

Huddleston & Glover, of Wetumpka, and Hill, Hill, Whiting, Thomas & Rives and W. A. Jordan, all of Montgomery, for appellants.

W. C. Woodall, of Tallassee, and Holley, Milner & Holley, of Wetumpka, for appellee.

FOSTER, J.

The bill of complaint alleged a joint and several liability by simple debt to complainant as receiver of a national bank in liquidation, due by respondents G. W. Lambert, G. D. Lambert, E. A. Cox, and C. F. Fincher, and sought in one aspect a discovery of their con-

cealed assets. Section 7343, Code. A series of interrogatories addressed to them was incorporated in the bill, to be answered under oath. It also sought to subject to the payment of such debt separate items of property conveyed by G. W. Lambert and G. D. Lambert to respondents E. W. Rhodes and Union Springs Guano Company by separate conveyances and in separate transactions, alleging that each such conveyance was without consideration and void against the rights of the bank or its receiver, an existing creditor. Section 7342, Code. In the alternative it alleged that if mistaken in the allegation that the conveyances were without consideration and void, the consideration, if any, was a debt due them, respectively, and the conveyances embraced substantially all the property of the grantors, and constituted a general assignment. Section 8040, Code.

Demurrers to the bill were overruled, and upon this appeal the only grounds of demurrer argued relate to the claim that the bill is multifarious.

The contention that the bill is multifarious because it seeks to set aside conveyances for fraud or in the alternative declare them a general assignment, was set at rest by the Code of 1907, section 3095, which changed the rule stated in Seals v. Pheiffer, 81 Ala. 518, 1 So. 267, and Green & Gay v. Wright, Williams & Wadley, 160 Ala. 476, 49 So. 320, and those which they followed. Such effect of the change in the law of equity pleading in this respect has been often referred to. Smith v. Young, 173 Ala. 190, 55 So. 425; Hard v. American Tr. & Savs. Bank, 200 Ala. 264, 76 So. 30; Burnwell Coal Co. v. Setzer, 203 Ala. 395, 83 So. 139; Wilson v. First Nat. Bank, 209 Ala. 70, 95 So. 340; Killian v. Trigg, 209 Ala. 352, 96 So. 409; James Supply Co. v. Frost, 214 Ala. 226, 107 So. 57:

The single purpose of the bill is to collect the one debt alleged to be owing by the parties we have named. It is not therefore multifarious in seeking to set aside separate alleged fraudulent conveyances, though they are not shown to have any connection with each other, and executed at different times and conveyed different property to the grantees, each respectively. Wilson v. First Nat. Bank, supra; Toone v. Roberts, 207 Ala. 671, 93 So. 616; Exch. Nat. Bank v. Stewart, 158 Ala. 218, 48 So. 487; Hill v. Moone, 104 Ala. 353, 16 So. 67.

As there is no other question presented for review, on this appeal, the decree of the chancery court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.